KELLY and Wife *v.* STINSON and Others.

It was held that the following clause in a will, "I will next that all my estate after my children are of age and the decease of my wife shall be equally divided among my children," if unaffected by any other part of the instru-

8b 387
127 357

Case 3.
8b 387
132 393

Case 3.
8b 387
134 545

Case 3.
8b 387
143 378

ment, would give to the wife a life estate by implication ; but that no such implication could arise, where the property was disposed of by other parts of the will.

In the construction of a will, the intention of the testator collected, not from any particular clause, but from the whole of the will, must govern.

A will must be construed according to the law in force when the testator died.

Previously to the R. Statutes of 1843, if a devise to the wife did not state that it was in lieu of dower, and her claim to dower was not inconsistent with the will, she had a right to take dower and also the próvision under the will.

APPEAL from the *Vanderburgh* Probate Court.

SMITH, J.—*James Robertson* died in *December*, 1841, leaving a widow and six children, the youngest of the latter being two years of age and the oldest fifteen. He owned at the time of his death a farm upon which he resided worth about 1,200 dollars, and four other tracts of land worth from 200 to 400 dollars each. His personal property was worth in all about 900 dollars, and his debts amounted to 1,340 dollars.

*Robertson* made a will which was duly admitted to probate, and his widow took out letters testamentary. Subsequently, in *January*, 1843, *Nancy*, the widow, married *William P. Kelly*, and in consequence of her marriage her letters were revoked, and *John B. Stinson* was appointed to succeed her in the administration of the estate.

*Kelly* and wife at the *November* term of the Probate Court of *Vanderburgh* county, in 1844, filed their bill of complaint against *Stinson* and the children and heirs of the testator, alleging the above facts and claiming that, by the terms of the will, an absolute estate for life was granted to the widow in all the property real and personal of her deceased husband. They, therefore, pray that *Stinson* may be enjoined and prohibited from intermeddling with said property, or interfering with the complainants' peaceable possession and use thereof according to the bequest of *Robertson*, or if the Court should be of opinion that such estate for life is not granted by the terms of the will, that then commissioners may be appointed to assign to the said widow her dower, &c. There are various charges contained in the bill against *Stinson* for alleged maladministration, which are denied by his answer and retorted against the complainants by way of cross-bill. Several amended bills and answers follow containing similar charges

and denials, which, as there is no proof, can only be considered as the mutual criminations and recriminations of the parties.

The only questions to be considered in this case are, therefore, those relating to the respective rights of the parties arising under the provisions of the will, and the foregoing facts which are admitted.

The Probate Court upon the hearing decreed, "that the complainant *Nancy*, by virtue of the will of *James Robertson*, deceased, became tenant in common with the heirs of said *Robertson* of all the real estate whereof the said *James Robertson* was the owner at the time of his death, and that having elected to take the estate devised to her, the said *Nancy* has no right to dower in said real estate, and that the defendant *John B. Stinson* has, as administrator with the will annexed, the same power to sell and convey said real estate, and the same power to take charge of the children and property of said *Robertson*, deceased, and manage the same, that the complainant *Nancy* had while executrix by virtue of said will, and that the complainants' bill and amended bill, as to the prayer for an injunction against said *John B. Stinson* and the prayer for the assignment of dower to said *Nancy*, be dismissed, and that the complainants and all others acting for or under them be restrained and enjoined from cutting timber or committing any kind of waste on said estate."

From this decree the complainants appealed to this Court.

The will is as follows: "I will that all my just debts be paid out of the proceeds of my personal property if it is sufficient, leaving the household furniture, stock, and farming utensils sufficient to carry on the farm, if not, so much of my land as will be sufficient to pay all my debts shall be sold, leaving to the last my river land on which I reside. I next will that the balance of my estate be for the maintenance of my family and schooling of my children. I will next that all my estate, after my children are of age and the decease of my wife, shall be equally divided among my children; and for the purpose of carrying this my will into effect, I have appointed my wife *Nancy Robertson* my executrix, and do give and grant to her full power to sell, to convey, and to confirm, all and every part of this my will, and make deeds of conveyance of all titles of me, my heirs, and assigns, and take the charge of my

children and property, and manage as she thinks proper for the maintenance and comfort of my family so long as she shall live and remain my widow, but if she should become disqualified by death, marriage, or any other way, to discharge the duty as executrix, then I appoint my father-in-law, *John B. Stinson*, executor to carry out and fulfil this my will with all the powers granted to my administratrix; but if my executrix or executor should think proper to remove my family from this country, they may sell all my land except the land on the *Ohio* river on which I now reside, and lay out the money for land for my family where they settle; but if my executrix or executor both become disqualified to carry out this my will, then the Court of Probate shall appoint some suitable person to carry out and finish this my will."

It is contended by the counsel for the appellants, that by the terms of the will, upon probate of it, the widow became seised of a life estate in the lands of the testator; and that position is based upon the words contained in the first clause of the third sentence of the will as above quoted, namely, "I will next that all my estate, after my children are of age and the decease of my wife, shall be equally divided among my children." If this clause stood alone and constituted the entire will, the position would be correct; for the intention of a testator to give an estate may be implied although there are no direct words of gift, and it has been repeatedly held that if a man devise lands to his heir after the death of his wife, the wife has an estate for life by necessary implication, for the heir being postponed there is no one else to take. 2 Ves. 280.—1 Roll. Abr. 843.—Ward on Leg. 11 (1). But no such implication can arise unless the property remains otherwise undisposed of. 3 Ves. 166. The case cited by the counsel for the appellants from 3 Paige, 27, is to the same effect. But in the present case it cannot be said that the property remained otherwise undisposed of until the death of the wife. On the contrary, the balance, after the payment of his debts, is specifically appropriated by the testator for the maintenance of his family and the education of his children.

In the construction of wills, the intention of the testator is to be ascertained and carried into effect if it be possible. This

intention is not to be collected from any particular or detached clause, but from the whole taken together. In this case, from the power granted to the widow as executrix to manage the property, the words of limitation used, and the provision for the appointment of another executor in case she should become disqualified in consequence of the limitation, taken in connexion with the leading object and intent of the testator,—it seems clear, that it was not the intention of the latter to give her an estate for life in the whole of the land which should remain after the payment of the debts. There being no express devise of the estate until the children became of age after the death of the wife, but that estate being specifically disposed of and appropriated for certain purposes, it must be considered as vesting in the person who is for the time being clothed with powers of administration under the will, in trust for the purposes thus indicated.

The second and only remaining question for consideration is, whether the Probate Court erred in refusing the appellants' application for the assignment of dower. By the laws of *England*, prior to the 1st of *January*, 1834, a widow might take a provision under a will and also her dower. She was not compelled to elect unless the devise was expressly stated to be in lieu of or in compensation for dower, or unless her taking both would be clearly and manifestly inconsistent and incompatible with the intentions of the testator in the disposition of his property. In the case of *Ostrander et ux.* v. *Spickard et al.*, decided at the last term of this Court, the same law was recognized as being in force in this state, until the passage of the Revised Statutes of 1843, by which the law upon this subject has been materially changed. As *Robertson* died in 1841, this case must be governed by the law as it stood previous to the passage of the statutes last mentioned.

The cases in which the question has arisen whether the widow should be put to her election to take the benefits given to her by will, or her dower out of the testator's estate, are very numerous. They all seem to agree in the proposition, that nothing would deprive her of her right of dower but express declaration, or such direct and manifest repugnancy between that right and the disposition of the real estate, that

May Term, 1847.

KELLY
v.
STINSON.

they could not possibly stand together; and this whether the devise was of lands, or of annuities charged on the lands liable to dower. 2 Vern. 365.—1 Bro. C. C. 299.—3 id. 347.—2 Ves. jun. 572.—6 id. 615. And when the disposition was such, that the assertion of a right of dower would be incompatible with the intentions of the testator as to a part of the lands only, it was held that the widow was not barred of her dower in the residue. 2 Scho. & Lef. 444.—Cooper, 319.

In the will of *Robertson* there is no express statement that the provision made for his widow was in lieu of dower, nor so far as regards the farm or "river land" on which the testator resided, and the residue of the land remaining after the sale of those tracts appropriated to the payment of his debts, is there any repugnancy in the claim of dower and the disposition or purposes indicated by the devise. Both may well stand together; and we are therefore of opinion, that the appellants are entitled to have the dower of the widow of *Robertson* in those lands set off (2).

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*J. Lockhart,* for the appellants.

*J. G. Jones* and *C. Baker,* for the appellees.

(1) But if the devise instead of being to the heir of the *devisor* be to *B.*, a stranger, after the death of *A.*, no estate will arise to *A.* by implication, but the heir of the devisor will take during the life of *A. Aspinall* v. *Petvin*, 1 Sim. & Stu. 544.—*The King* v. *The Inhab. of Ringstead*, 9 B. & C. 218.—1 Jarman on Wills, 465.

(2) There are numerous decisions which sustain the principle, recognized in the text, that to oblige the widow to elect between her dower and a provision for her in the will, it must appear either by an express declaration in the will, or by an inconsistency between the claim of dower and the will, that the testator intended to exclude the dower. But great difficulty has been found in applying the principle to particular cases; and the authorities on the subject cannot be reconciled. See 1 Jarman on Wills, 396 to 410.—2 Story's Eq. §1088, and note 4.—*Sanford* v. *Jackson et al.* 10 Paige, 266.—*Church* v. *Bull*, 2 Denio, 430. That principle is materially varied by the act of 1843 noticed in the text. By that act, the widow cannot take dower in addition to a provision made for her in the will, unless it plainly appears by the will to have been the testator's intention that she should have both. R. S. 1843, p. 431, s. 101. See the cases of *Reed* v. *Dickerman*, 12 Pick. 146, and *Adams* v. *Adams et al.* 5 Met. 277, decided under the *Massachusetts* statute, which is similar to ours of 1843 above mentioned.