Craig, Administrator, *et al. v.* Secrist *et al.*

---

CRAIG, ADMINISTRATOR, ET AL. *v.* SECRIST ET AL.

WILL.—*Certainty as to the Devisee.*—*Devise to a County.*—A devise of the property of a testator to a county, designated as "the county of", etc., "in the State of", etc., is sufficiently certain as a designation of the devisee.

SAME.—*Charitable Use.—Capacity of a County to Take.*—A county has the legal capacity to take a devise of the property of a testator, as a permanent fund, the income from which is to be used in educating a specified class of the children of such county.

SAME.—*Certainty as to the Beneficiaries.*—A will devising the property of the testator to a devisee, to be used in the education of a specified class of the children of a particular county and state, is sufficiently certain as to the beneficiaries of such trust or devise.

SAME.—Where a will devises property to a certain county as a permanent fund, the income from which is to be used in the education of a certain class of the children of such county, a clause thereof directing "that the said school fund is to be placed in the hands of two judicious" persons of such class, of said "county, to have control and to manage the same for the benefit of" said children, and directing that such persons give bond to such county "for the faithful performance of said trust", is simply an appointment of such persons to control the expenditure of such income for such educational purpose.

From the Owen Circuit Court.

*W. R. Harrison, S. O. Pickens* and *W. S. Shirley,* for appellants.

*D. R. Eckels, C. F. McNutt, G. W. Grubbs* and *W. A. Montgomery,* for appellees.

HOWK, J.—This was an action, commenced by appellees, as plaintiffs, against the appellant, Alexander Craig, in his personal and not his representative character, as sole defendant, in the court below, for the recovery of certain real estate in Owen county, Indiana. Appellees' complaint was in the ordinary form in such cases, and it was alleged therein that appellees were the owners in fee simple and entitled to the possession of the lands described therein, in said county; that appellant, Alexander Craig, then held possession of said lands without right, and for one year past has unlawfully kept appellees out of possession thereof; and judgment was demanded for the recovery of said land and for one hundred dollars damages, etc.

Appellant, Alexander Craig, in his own behalf as well as on behalf of the county of Owen, Indiana, and the board of commissioners of said Owen county, who, he prayed, might be made codefendants with him, in this action,

answered appellees' complaint, and said, in substance, that on June 28th, 1872, John Secrist, then living, was the owner in fee-simple of the lands described in said complaint; that being such owner and seized in his own right of said lands, said John Secrist, by his last will and testament, executed in accordance with the laws of this state, and upon his death, at said county, on March 27th, 1873, duly proved and recorded in the record of wills of said county, a copy of which will and of its probate was made part of said answer, devised and bequeathed said lands, the proceeds thereof and all his estate to said county of Owen, in trust, for the education of the colored children of said county, of which colored children proper to receive the benefits of said will, as the beneficiaries thereof, there were, when said will was executed and when it was admitted to probate, and then were, fifty in number, in said county of Owen; that afterwards, on the ——— day of ———, 1873, appellant Craig was duly appointed and qualified as administrator with the will annexed of the estate of said John Secrist, deceased, (the persons named in said will as executors thereof having failed and refused to act,) and assumed the duties of his said trust, and in pursuance of the provisions and directions of said will, and for the purpose of executing and carrying out the said provisions, he, with said county of Owen and the board of commissioners thereof, entered upon and took possession of said lands, under said provisions, and claims no other title thereto than under said will, and to execute the trusts therein created. And appellant Craig prayed that said Owen county and the board of commissioners thereof might be made a party defendant in said action. And said county and said board prayed the court below to be made a party defendant in said action, and that said answer might be regarded as the joint answer and cross-complaint of appellant Craig and said county of Owen and its board of commissioners. And appellants jointly said that appellees had no title to

nor estate in said lands; that appellees only claimed title
to said lands, as the next surviving kindred of said John
Secrist, deceased, which they were; but that by reason of
said will, appellees had no interest in said lands or in any
part of said decedent's estate; that appellees' claim, set
up and asserted in their complaint in this action, was a
serious cloud upon appellants' title, claim and estate, and
prevents appellants from disposing of said lands and of the
estate of said decedent, as directed by his said will. And
the appellants prayed that appellees and each of them,
be forever restrained and enjoined from setting up or
having any claim or estate in or to said lands or any part
thereof, or in or to any part of said decedent's estate; and
that appellant Craig be adjudged to have the care, control
and power to sell and dispose of said lands and the other
property and estate of said decedent, under the terms of
said will, and that the title to said lands and the proceeds
thereof, and all the moneys and assets of said decedent's
estate be vested in and belong to said Owen county, in
trust for the education of the colored children of said
county, and for other proper relief.

The copy of the will filed with said answer and cross-
complaint shows that the will was duly admitted to pro-
bate, in the court below, on the 27th day of March, 1873.
We will set out those parts of said will which seem to be
material in this action. By the third item of said will
it was provided as follows:

"3d. I give and bequeath all my estate to the county
of Owen, in the state of Indiana, for colored children of
said county, to be a permanent fund; and the yearly
income to be equally distributed among the colored child-
ren of said county."

By the sixth item it was provided as follows:

"6th. It is my will that executor or executors sell all
my real estate, to make a portion of the aforenamed
school fund, and that there be no timber of any kind sold
from said land, until the land is sold."

The seventh item of said will was as follows:

" 7th.  I hereby make known my motive for leaving all my estate to educate colored children in Owen county to be, the colored race has been an oppressed people, and now, in the town of Spencer, is taxed to build a school-house in which they have no benefit; I therefore bequeath the same to them to partially remunerate them for past wrongs.  It is my will that the said school fund be placed in the hands of two judicious colored persons of Owen county, to have control and to manage the same for the benefit of the colored children of Owen county,—they giving bail to the county for the faithful performance of said trust."

Appellees demurred to appellants' answer and cross-complaint, for the following grounds of objection:

1.  For want of sufficient facts therein to constitute an answer and cross-complaint;

2.  The county of Owen was not a proper party defendant in said action;

3.  The will is void for uncertainty as to the trustee;

4.  The will is void for the reason that the trustee is incapable in law to accept the trust;

5.  And the will is void for uncertainty as to the *cestui que trust*.

Said demurrer to appellants' answer and cross-complaint was sustained by the court below, and to this decision appellants excepted.  And appellants having failed to answer further, the action was submitted for trial to the court below, without a jury; and the court found for the appellees for the recovery of the lands in controversy, and rendered judgment accordingly.

The appellants have assigned, in this court, but one alleged error, to wit: that the court below erred in sustaining appellees' demurrer to appellants' answer and cross-complaint.

The questions presented to this court, for consideration and decision in this case, relate exclusively to the last will and testament of John Secrist, deceased.  And these

questions are limited to such as arise upon the contents of the will. It is not objected to this will, either that the testator was of unsound mind or that the will was unduly executed. But appellees' objections go to the very substance or essence of the will itself. Conceding that the testator might lawfully devise his estate by his last will and testament, and that the will in question was duly executed by said testator with all the forms and solemnities prescribed by our law, it is urged by appellees' counsel, with much earnestness and ability, that this will is intrinsically and radically defective in these particulars:

1. For uncertainty as to the devisee or trustee;

2. For want of legal capacity in the devisee or trustee to accept the trust created by the will; and,

3. For uncertainty as to the *cestuis que trust*.

And, by reason only of these alleged internal defects, the appellees insist that the will in question is absolutely void.

By the first section of our statute in relation to wills, it is provided, in substance, that "all persons, except infants and persons of unsound mind, may devise, by last will and testament," their estate "to any person or corporation, capable of holding the same." 2 R. S. 1876; p. 570.

In the will under consideration, the devisee of the testator's estate is named as the county of Owen, in the State of Indiana. It is said by appellees' attorneys that there is no such a corporation as "the County of Owen" or "Owen County." True, that is not the name, in full, of the corporation, but no one can doubt for a moment that the testator intended to devise his estate to the corporation whose full name is "the Board of Commissioners of Owen County," but whose name, in common parlance, is "Owen County" or "the County of Owen." In our state constitution and in the laws enacted under the same the county corporation is frequently referred to by the simple term county, or the county of ——, without giving the full corporate name of the county. Thus, in section 6

of article 10 of our state constitution, 1 R. S. 1876, p. 40, it is provided, that " no county shall subscribe for stock," etc.; and in section 18 of the act for the organization of county boards, etc., in providing the form of bonds to be issued by the county corporation, the form prescribed is, " The county of —— will pay to the bearer," etc. 1 R. S. 1876, p. 355. So that the misnomer of the corporation which the testator evidently intended as his devisee was certainly not, even in legal parlance, a very gross one. We conclude, therefore, that the name of the devisee in this will is given with such certainty, as that it can be readily ascertained to what corporation the testator intended to and did devise his estate, by the name used in said will. *Grimes' Ex'rs* v. *Harmon*, 35 Ind. 198; *Cruse* v. *Axtell*, 50 Ind. 49.

It is further insisted by appellees' counsel that the will in this case is void, for the reason that the trustee named therein is incapable in law to accept the trust created in and by said will. It is provided by the fifth section of the act under which the devisee in this will may be said to be incorporated, that such corporations " may prosecute and defend suits, and have all other duties, rights and powers incident to corporations, not inconsistent with the provisions of this act." 1 R. S. 1876, p. 350. In 1 Perry on Trusts, p. 30, sec. 42, it is said, that " at the present day corporations of every description may take and hold estates, as trustees, for purposes not foreign to the purposes of their own existence." And in section 43, the same writer says, " But if the trusts are within the general scope of the purposes of the institution or the corporation, or if they are collateral to its general purposes, but germane to them, as if the trusts relate to matters which will promote and aid the general purposes of the corporation, it may take and hold and be compelled to execute them, if it accepts them. Thus towns, cities, and parishes may take and hold property in trust for the establishment of colleges, for the purpose of educating the

poor, * * * and for the support of schools." The text of this writer is abundantly supported by the authorities he cites. Certainly the purposes of the trust created by the will now being considered are not foreign to nor inconsistent with the general purposes for which the devisee, named in said will, was created a corporation. Rather, it seems to us, will the trust in said will, considered in its relation to the objects of said trust, promote and aid the general purposes of said corporation. In our opinion, therefore, the devisee named in said will, the County of Owen, in its corporate capacity, is capable of holding, as trustee, the estate devised to it in and by said will.

Appellees' counsel also say that the will in this cause is void for uncertainty as to the *cestuis que trust*, or beneficiaries. This case, in this particular, differs widely from the case of *Grimes' Ex'rs* v. *Harmon, supra*. In that case, the beneficiaries were " colored children, both male and female," without limit of any kind; and literally construed, and it was not a case for any other construction, the beneficiaries were all colored children, of both sexes, throughout the habitable globe. In that case, this court held the devise to be void, for vagueness and uncertainty as to the beneficiaries. But in the case at bar the beneficiaries are limited to the colored children of said county of Owen. There is, in this particular, no vagueness nor uncertainty in this devise, as to the beneficiaries. They were the colored children within the limits of the particular territory, which, in many respects, was under the control and management of the devisee or trustee named in said will. In *Ex Parte Lindley, Executor*, 32 Ind. 367, a devise had been made to a trustee, for " the education of colored children in the State of Indiana," and it was held by this court that the trust thereby created was not void for uncertainty. And in the case now under consideration, we are very clearly of the opinion, that the devise

in question is not void for or by reason of any vagueness or uncertainty as to the *cestuis que trust,* or beneficiaries.

Some stress is laid by appellees' attorneys on this clause of the seventh item of the will in this case: "It is my will that the said school fund be placed in the hands of two judicious colored persons of Owen county, to have control and to manage the same for the benefit of the colored children of Owen county,—they giving bail to the county for the faithful performance of said trust." Before quoting this clause of the seventh item of the will, appellees' counsel say, interrogatively, "Is there not another and different trustee intended by the following language?" We do not so regard the language used by the testator in the clause quoted. It is very clear, we think, that what the testator intended was to express his will as to what should be done with the income to be derived from the permanent fund before provided for. It was this income, which alone, under the previous provisions of the will, was to be expended for the benefit of the colored children of the county; and it was this expenditure which he wished to be under the control and management of the two judicious colored persons. This construction of the clause quoted is in harmony with the intention of the testator as we gather the same from the entire will. In *Kelly* v. *Stinson,* 8 Blackf. 387, this court held: "In the construction of wills, the intention of the testator is to be ascertained and carried into effect if it be possible. This intention is not to be collected from any particular or detached clause, but from the whole taken together." And to the same effect is *Baker* v. *Riley,* 16 Ind. 479.

We have endeavored thus to construe the will in the case at bar, and our conclusion is, that this will is not void by reason of any uncertainty therein, or of any incapacity of the devisee or trustee therein, but that it is a valid will, which can and ought to be enforced.

And therefore, in our opinion, the court below erred in sustaining appellees' demurrer to appellants' answer and

cross-complaint, and for that error the judgment of that court must be reversed.

Judgment reversed, and cause remanded, with instructions to overrule appellees' demurrer to appellants' answer and cross-complaint, and for further proceedings.