## FRAIM, EXECUTOR, *v.* MILLISON ET AL.

WILL.—*Construction.*—*Parol Evidence.*—A testator, in the first item of his will, directed, that his executor should "put in good repair my two farms on Mill Creek, in," etc., "and thereafter keep them in good repair, to farm and keep the same in clover, and pay the taxes thereon for the term of seven years from the time of my demise; and said" executor "shall have therefor the whole use and profits of said farms for the whole of said term of seven years, which shall be in full compensation for said repairs and tending said farms;" and, in the second clause of said will, he directed, that said executor "shall superintend and cause to be erected, and kept in repair, a substantial board fence around all my lands, contained in said Mill Creek farms, which are not already enclosed. The cost of erecting said fence or fences to be paid out of my estate, excepting the services of said" executor "in superintending the erection thereof, purchasing materials, and for keeping said fence in repair after the same is erected, for which services said" executor "shall have the sole use and profits of the land so fenced until the expiration of said term of seven years."

*Held,* that it was plainly the intention of the testator, that the executor should put and keep the fences in good repair around the enclosed portions of said two farms, without any other compensation therefor than the use and profits of said farms for seven years; and that, on the trial of an exception to the executor's final report, objecting to items of charges therein for fencing said farms, parol evidence was inadmissible to prove, that the testator intended by the words, "all my lands, contained in said Mill Creek farms, which are not already enclosed," in said second clause, to include all the lands of the testator in said Mill Creek farms that were not enclosed with good and sufficient fence, and those lands that had been in cultivation, where the fences had rotted down and become worthless and unfit to turn stock and preserve the crops thereon, as well as the lands that were wild and never had been enclosed.

EXECUTOR AND ADMINISTRATOR.—*Ex Parte Reports of.*—The allowance by the court of the *ex parte* current, or partial, reports of an executor or administrator is not conclusive upon the heirs or devisees of the decedent.

From the Pulaski Circuit Court.

*G. T. Wickersham* and *G. Burson,* for appellant.

*M. Winfield* and *W. Spangler,* for appellees.

HOWK, J.—The last will and testament of Jesse Millison, deceased, was duly admitted to probate on the 31st day of August, 1868, by and before the clerk of the Court of Common Pleas of Pulaski county, Indiana. In the last

item of said will, the appellant, John Fraim, was nominated and appointed executor thereof. On the 18th day of September, 1868, letters testamentary on said decedent's last will were duly issued by the clerk of said common pleas court to the appellant, John Fraim, who was duly sworn and gave bond as such executor, as required by law, and entered upon the discharge of the duties of his trust. From time to time thereafter, the appellant, as such executor, made current reports of his receipts and expenditures to said court of common pleas and to the court below, until the October term, 1875, of the latter court, at which term he submitted to the court below, for its approval, his final settlement report.

The appellees, who were the heirs at law and devisees of said Jesse Millison, deceased, then appeared and filed written exceptions to the appellant's final settlement report. We set out the second of these exceptions as necessary to a proper understanding of this cause, as follows:

" 2d. That, by Item 1st of the will of Jesse Millison, deceased, the said executor was to put in good repair, as soon as convenient after Millison's death, his two farms on Mill Creek, and thereafter keep them in good repair; and, in consideration of said services and repairs, he was to have the whole use and profits of said farms for the term of seven years from his death, which use and profits to be in full compensation for said repairs and tending said farm; that the unenclosed lands of said Mill Creek farms were to be fenced by said executor at the expense of the estate, excepting any services of said executor, which he should render without charge. These exceptors say, that said executor accepted said trust, and for seven years took and held possession of said lands, receiving the whole use and profits thereof, but now seeks by his final report and current reports to change said will, so as to render no compensation for said use and profits, in this, to wit: That, by his report filed October 16th, 1870, he claims credit for lumber for

fencing, in the sum of one hundred dollars ($100); that, by his report of June 16th, 1873, he claims credit for fencing, in the sum of two hundred and sixty-six dollars ($266); that, by his report of June 23d, 1875, he claims credit for fencing, in the sum of three hundred and seventy-seven dollars and eighty-nine cents ($377.89); that, by his report of October 31st, 1875, he claims credit for fencing, in the sum of seventy-two dollars and twenty-seven cents ($72.27); that, by his report of June 16th, 1873, he claims credit for eighty-seven dollars ($87), for fencing land and timber.

"Summary: October 16th, 1870, $100; June 16th, 1873, $266; June 23d, 1875, $377.89; June 23d, 1875, $87; October 31st, 1875, $72.27.    Total amount claimed, $903.16.

"That all the above claims for fencing are for repairs and rebuilding of fences on the enclosed lands on the Mill Creek farms, referred to as aforesaid in said will; that not a rod of fence was built by said executor on the unenclosed lands on said farms.    These exceptors, therefore, respectfully submit, that the above claims can not be allowed, without directly violating the terms of the will and testament of said decedent, and they pray that he be compelled to account for them."

To this exception the appellant answered, that the fencing charged for was built on the lands of the decedent, portions thereof around and to enclose lands of the decedent on Mill Creek that had never been enclosed, to wit, the value of $600; and that the residue of the fencing charged for was built around and to enclose lands of the decedent in his Mill Creek lands, that had once been enclosed, but that the fences had become, and were at the time, decayed and rotten down, so that said lands were mostly commons, so much so that wandering cattle and other stock could roam over and through said lands and fences at pleasure.

And, for a further answer to said second exception of the appellees, the appellant said, that all the matters

.and things in said exception mentioned had theretofore been fully adjudicated and allowed by the common pleas court of said county and the court below, at the times of making said several reports.

And this case was tried by the court below, and a finding was made, that the appellant, as such executor, was not entitled to the credits claimed by him in his current and final reports for building fences, in the sum of $903.70, and that he be charged with said sum. Thereupon the appellant moved the court below in writing for a new trial of said cause; which motion was overruled, and to this ruling the appellant excepted. And the court below rendered judgment on its finding, from which judgment this appeal is now prosecuted.

The only error assigned by the appellant in this court is the decision of the court below in overruling his motion for a new trial. In this motion, the following causes for such new trial were assigned, to wit:

"1. That the finding of the court is contrary to law;

"2. That the finding of the court is contrary to the evidence;

"3. That the finding of the court is excessive;

"4. For error committed by the court upon the trial of this cause, in refusing to permit this defendant to introduce G T. Wickersham, a competent witness, to prove, in support of his items of charges made in his several reports for fencing on the Mill Creek farms of the decedent (which are made the second objection filed by the heirs to the approval of his final report), that the testator, Jesse Millison, meant and intended by the words, 'all my lands contained in said Mill Creek farms, which is [are] not already enclosed," where the words occur in Item 2d of the will of said Millison, to include all the lands of the decedent in said Mill Creek farms that were not then enclosed with a good and sufficient fence, and that said testator meant and intended by said words to include all lands in said farms that had been in cultivation,

where the fences had rotted down and become worthless and unfit to turn stock and preserve the crops thereon."

The main question presented for our decision in this case arises under the fourth cause for a new trial in the appellant's motion therefor. It seems to us, that the proper determination of this question involves the consideration and construction of the first two items of the last will of said Jesse Millison, deceased. We therefore set out these two items, as follows:

"Item 1st. It is my will, that John Fraim shall, so soon as convenient, put in good repair my two farms on Mill Creek, in Pulaski county, Indiana, and thereafter keep them in good repair, to farm and keep the same in clover, and pay the taxes thereon for the term of seven years from the time of my demise; and said Fraim shall have therefor the whole use and profits of said farms for the whole of said term of seven years, which shall be in full compensation for said repairs and tending said farms. I further direct, that said Fraim shall keep the willows cut down that may from time to time grow upon said farms, the expense of which shall be paid out of my estate.

"Item 2d. I further will and direct, that said John Fraim shall superintend and cause to be erected, and kept in repair, a substantial board fence around all my lands, contained in said Mill Creek farms, which is [are] not already enclosed. The cost of erecting said fence or fences to be paid out of my estate, excepting the services of said Fraim in superintending the erection thereof, purchasing materials, and for keeping said fence in repair after the same is erected, for which services said Fraim shall have the sole use and profits of the land so fenced until the expiration of said term of seven years."

It will be seen from the first item of said will, that the appellant was required to " put in good repair " the testator's " two farms on Mill Creek," if he accepted the trust created in and by said will, and " to keep them in good

repair." We can not well understand what is meant by putting and keeping farms in good repair, unless it is meant that the fences thereon should be put and kept in such good repair. It does not appear, that there was anything on or about the testator's farms which was out of repair, or which it was necessary should be put and kept in good repair, except the fences thereon. And it does appear, from the appellant's own statements and admissions, that, at the time of the testator's death, the fences around said farms had nearly all rotted away, so that they "would hardly protect the growing crops." It may safely be assumed, we think, that it was these rotten fences which the testator intended and desired should be put and kept in good repair, and that the testator gave the appellant the use and profits of these farms for the period of seven years, "in full compensation" for putting and keeping said farms in good repair, for the reason that said fences were in such bad condition. In this first item of his will, the testator did not direct what repairs the appellant should make, nor the manner in which he should make them, beyond the general direction that he should put and keep the farms in good repair. He might repair or renew the fences in his own discretion; but, for whatever he might do in this regard, the use and profits of the farms for seven years were to be "in full compensation."

It appears by a bill of exceptions, which is properly in the record, that the appellant offered to prove on the trial, that the testator meant and intended by the words, "all my lands, contained in the said Mill Creek farms, which is not already enclosed," where the same occur in Item 2d of said will, to include all the lands of the decedent, in said Mill Creek farms, that were not then enclosed with good and sufficient fence, and those lands that had been in cultivation, where the fences had rotted down and become worthless and unfit to turn stock and preserve the crops thereon, as well as the lands that were

wild and had never been enclosed. The evidence thus offered was excluded by the court below, and the appellant excepted.

There was no error, we think, in this decision of the court below.

The second item of the will is clear and perspicuous, and contained no doubtful or uncertain words. Parol evidence is inadmissible to explain a writing which is free from ambiguity. In the construction of wills, the law requires that the intention of the testator shall be ascertained and carried into effect, if it can be done. This intention can not, as a general rule, be gathered from a single item or clause of the will, detached from the other items; but the whole will, or at least so much thereof as relates to the subject under consideration, should be construed together. *Kelly* v. *Stinson*, 8 Blackf. 387; *Baker* v. *Riley*, 16 Ind. 479; and *Craig* v. *Secrist*, 54 Ind. 419. It is clear, we think, that, in construing the will of the testator in the case now before us, the first two items thereof should be considered together. Each of these items relates to the testator's two farms on Mill Creek and the appellant's connection therewith. Construing these two items together, it is manifest therefrom, that the testator intended that the appellant should put and keep the fences in good repair around the enclosed portions of the two farms, without any other or further compensation therefor than the use and profits of said farms for the period of seven years.

It is claimed also, that the decision of the court below is erroneous in this, that the appellant is thereby charged with one hundred dollars, which had been allowed him as a credit by the court of common pleas of said county, in a partial report to said court, for materials for said fences. There was no error in this action of the court below. The current or partial reports of an executor or administrator are generally *ex parte* in their character,

and for this reason the allowance by the court of such reports is not conclusive upon the heirs at law or devisees of the decedent. *The State* v. *Brutch,* 12 Ind. 381; *Goodwin* v. *Goodwin,* 48 Ind. 584; and *Collins* v. *Tilton,* 58 Ind. 374.

In our opinion, no error was committed by the court below, in overruling the appellant's motion for a new trial.

The judgment is affirmed, at the appellant's costs.