## Cann et al. *v.* Fidler, Executor.

Will.—*Construction of.*— *Legacy Charged upon Land.*— *Devise Diverted by Death.*— *Parties.*— *Executor.*— By the terms of his will, a testator devised to a certain person a specified sum of money, payable in equal annual instalments for a certain number of years commencing with the legatee's majority, making the same a charge upon a certain described tract of land devised to another, and providing that, in case of the death of

such first named legatee, such legacy should descend to the testator's heirs *per stirpes.* Such legatee having died, an heir of such testator commenced an action against the executor, long prior to the time when such deceased legatee would have attained his majority, to compel such executor to show cause why he should not pay to the plaintiff his proportionate share of such legacy.

*Held,* on demurrer to the complaint, that such action could not, in any event, be maintained against the executor, that it could only be maintained to charge the real estate so devised, and then only on the arrival of the time when such deceased legatee would have attained his majority.

From the Tippecanoe Circuit Court.

*G. O. Behm* and *A. O. Behm,* for appellants.

*J. M. Larue* and *F. B. Everett,* for appellee.

Howk, J.—The appellants, as plaintiffs, sued the appellee, as defendant, in a complaint in which they alleged, in substance, that, on the 6th day of July, 1867, John Halliday, of Tippecanoe county, Indiana, died testate ; that, on the 20th day of July, 1867, the last will of said decedent was duly proved and recorded in the clerk's office of said county, which will was set out in and made part of. the complaint; that all his estate, both real and personal, in and out of this State, was specifically devised to the parties therein named ; that among the legatees named in said will was Charles Hardwick, a grandson of said decedent, to whom there was a specific bequest of $2,000.00, to be paid to him at majority ; that if any one of the legatees should die before majority, or without issue, his or her share should go to the survivors equally, and should be divided *per stirpes ;* that the said Charles Hardwick died on the 28th day of September, 1871, at the age of eight years, intestate ; that, by the terms of said will, the appellants were entitled, each of them, to the one-sixth part of the legacy of the said Charles Hardwick, deceased; that they had demanded the same from the appellee, but he had refused to pay the same ; and that the appellee's co-executor, Eli Halliday, named in the will, had made settlement with

the court, and had been discharged. The appellants prayed the court to grant them a rule upon the appellee to show cause why he should not pay over to them the said sums of money, together with the interest accrued thereon, and for other relief.

The appellee demurred to the appellants' complaint, upon the ground that it did not state facts sufficient to entitle the appellants to any relief whatever, which demurrer was sustained by the court, and to this ruling the appellants excepted ; and, declining to amend, judgment was rendered against them, and in favor of the appellee, upon said demurrer.

The sustaining of the appellee's demurrer to their complaint is the only error assigned by the appellants in this court.

The appellants' counsel say, in their brief of this cause in this court, that "The appellants filed their complaint in the court below, asking an order upon the defendant, as the executor of John Halliday, deceased, requiring him to pay over to the plaintiffs certain moneys, alleged and admitted to be in his hands." We have failed to find, after a thorough examination of the record, any such allegation in the appellants' complaint, or any admission of the appellee, except by his demurrer, of such facts only as were well pleaded in the complaint. The allegation alluded to by counsel was an important and material one, and we think its omission from the complaint was fatal to its validity. For the appellee, in his fiduciary capacity, could not be required, under the averments of the complaint, to pay the appellants' claim in this case, unless it was shown that he had the money in his hands, which ought to be applied to such payment.

The appellants ground their claim, in this cause, upon the seventh item of the last will of John Halliday, deceased. This seventh item reads as follows :

" Seventhly. In case any one or more of the above legatees should die before my death without issue, or in case they should die after my death without issue, I direct that his or her share, in the first event, or the amount unpaid, in the second event, shall be equally divided among my remaining heirs, *per stirpes.*"

By the fifth item of said will, the testator gave to his grandson, Charles Hardwick, named in the appellants' complaint, the sum of two thousand dollars, payable in equal instalments of five hundred dollars each, in one, two, three and four years after the said Charles had arrived at the age of twenty-one years.

By the second item of his will, the testator gave to his son, Eli Halliday, and his daughter, Hannah Fidler, a large body of land, particularly described, in Tippecanoe county, Indiana, " to be subject to, and charged with, the payment of the legacies to my grandchildren," among which was the legacy of $2,000.00, to his said grandson, Charles Hardwick, named in the appellants' complaint.

In the construction of wills, the law requires that the intention of the testator shall be ascertained, and, if possible, shall be carried into effect. As a general rule this intention can not be gathered, and it certainly can not in this case, from a single item or clause of the will, without reference to the other items ; but the entire will, or at least so much thereof as has any bearing upon the subject under consideration, must be construed together. *Kelly* v. *Stinson*, 8 Blackf. 387 ; *Baker* v. *Riley*, 16 Ind. 479 ; *Craig* v. *Secrist*, 54 Ind. 419 ; and *Fraim* v. *Millison*, 59 Ind. 123.

In construing the will of the testator in the case now before us for the purpose of determining whether or not the appellants' complaint has stated a good cause of action against the appellee, as the executor of such will, it is proper and necessary, we think, that we should consider and construe together all the items of said will which have

any bearing upon the claim asserted by the appellants in this action. When these items of the will are thus considered and construed together, it is at once made manifest that the appellants had no cause of action against any one, by reason of the matters alleged in their complaint, when this suit was commenced, and that those matters will never give them any cause of action against the appellee as executor of such will. The legacy to Charles. Hardwick, a portion of which the appellants seek to recover in their complaint, was not to be paid by the executors or out of the personal assets of the testator's estate; therefore, the appellants will never have a valid cause of action against the appellee as executor for the recovery of their share of said legacy.

By the express terms of the said will, the legacy to Charles Hardwick and the payment thereof are made a specific charge upon certain real estate, particularly described, specially devised to the testator's son and daughter, named in said will. By accepting this devise of said real estate, thus charged with the payment of said legacy, it is clear that the devisees assumed to pay said legacy, but only in the manner and at the times specified in said will, that is, in four equal instalments of five hundred dollars each, in one, two, three and four years after the said Charles Hardwick would have arrived, if he had lived, at the age of twenty-one years. It was averred in the complaint, that the said Charles Hardwick had died intestate on the 28th day of September, 1871, at the age of eight years; and therefore, if he had lived, he would not have arrived at the age of twenty-one years until the 28th day of September, 1884. This would make the claim of the appellants to a share of said legacy to said Charles Hardwick a claim against the real estate in the hands of the devisees, and not against the appellee as the testator's executor, and such claim would accrue and could be enforced at the

several times, and not before, when the several instalments of said legacy, if the legatee had lived, would have become due and payable to him under the terms of the will.

It is very certain, we think, that no error was committed by the court below in this case, in sustaining the appellee's demurrer to the appellants' complaint.

The judgment is affirmed, at the appellants' costs.