TYNER ET AL. *v.* REESE ET AL.

WILL.—*Construction of.—Distribution of Estate.—Partial Intestacy.—*A. died testate, leaving surviving him his widow and several children. His will, after providing for the payment of his debts and the expenses of administration and naming his legatees and the amounts of their respective legacies, and empowering his wife, if she should survive him, to make bequests to a certain amount to such persons as she should think proper, and providing for the payment of such bequests by his own executor, contained the following clause : " And if she " (the testator's wife) "shall fail or neglect to make such bequests, or if I shall survive her, and

there shall remain a surplus of money after the payment of all legacies, debts, expenses, etc., then I direct that such residue shall be distributed to such legatees, heretofore mentioned, as shall be entitled by this will to distribution, in proportion to the several sums to which they may severally be entitled at the time of distribution, as hereinbefore provided." His wife made her will, disposing of the amount named in the will of her husband. Suit by certain heirs, after his death, to compel distribution *per stirpes,* under the law, of the residue of the estate after payment of debts, expenses, legacies, etc.

*Held,* that it was the intention of the testator, by this clause of his will, that, if there should be such a " surplus," it should be distributed in the manner, to .the persons, and in the proportions, specified in the will, and that there was no intestacy as to any part of his estate.

From the Johnson Circuit Court.

*S. P. Oyler, G. M. Overstreet, Sr.,* and *A. B. Hunter,* for appellants.

*T. W. Woollen,* for appellees.

Howk, C. J.—In this action, the appellees sued the appellants, in a complaint of one paragraph, wherein they alleged, in substance, that, in April, 1857, John Alexander, of Johnson county, Indiana, died testate, in said county, and afterward, on the 19th day of April, 1857, his last will and testament, a copy of which was filed with and made a part of said complaint, was duly admitted to probate in said county; that the said John Alexander left surviving him Elizabeth Alexander, his widow, and Mary or Polly Darrell, Patsey Smith, Elizabeth Lemasters, Margaret or Peggy Means, and Sally or Sarah Lyons, his daughters, and Samuel Alexander and Joseph Alexander, his sons, as his only heirs at law; that the appellees and the appellants, except Irvin Cox, at the commencement of this suit, were the only heirs, then living, of the said John Alexander and his deceased children, setting out their names and relationship in detail; that the said Irvin Cox had been duly appointed administrator with the will annexed of the estate of John Alexander, deceased, and had been

administering his trust, and at the September term, 1876, of said Johnson Circuit Court, had made report of his administration, and asked to have an order of distribution of said estate, dividing the same in the same proportion, and to the same persons, as the legacies named in said will; that, in and by his said report, the said administrator showed that there was in his hands, for distribution, a balance of ten thousand two hundred and thirty-one dollars and twenty-seven cents, and that eighty acres of land belonging to said estate remained unsold, and that the appellees had filed exceptions to said report, which they then consolidated with, and made *part of, said complaint.

The appellees further alleged, that, by the terms of said last will and testament, it was provided, that, if the wife of said testator should survive him, she was empowered to make bequests to the amount of one thousand dollars, to such person or persons as she should think proper, to be paid by the executor of the said John, if there should be a sufficiency of property or money, after the payment of all legacies, debts, expenses, and so forth, theretofore provided for therein; that the said will then provided as follows:

"And if she" (the testator's wife) "shall fail or neglect to make such bequests, or if I shall survive her, and there shall remain a surplus of money after the payment of all legacies, debts, expenses, etc., then I direct that such residue shall be distributed to such legatees, heretofore mentioned, as shall be entitled by this will to distribution, in proportion to the several sums to which they may severally be entitled at the time of distribution, as hereinbefore provided."

The appellees further averred, that on the 25th day of April, 1857, the said Elizabeth Alexander, widow of the said John Alexander, in execution of the power contained

in the will of her deceased husband, did make her will disposing of the said one thousand dollars to certain persons therein named, which will, after the death of said Elizabeth, on the 11th day of March, 1873, was duly probated, and a copy thereof was filed with and made part of said complaint; that the said John Alexander did not survive his said wife, but died many years prior to her death; by reason whereof the appellees said, that all the residue of said estate, after the payment of debts, expenses and legacies, was not disposed of by the will of said John, and descended under the laws of this State to the heirs of said John Alexander, deceased, *per stirpes.* Wherefore the appellees prayed, that the appellant Irvin Cox, administrator as aforesaid, should be directed, after the payment of the debts, expenses, legacies, etc., to pay the residue in his hands into said court, for distribution as the law requires, and for all other proper relief.

To this complaint the appellants' demurrer, for the alleged insufficiency of the facts therein to constitute a cause of action, was overruled by the court, and to this ruling they excepted. They then answered in a single affirmative paragraph, to which the appellees' demurrer, for the want of sufficient facts therein, was sustained by the court, and to this decision the appellants excepted. They declined to answer further, and the court rendered judgment in accordance with the prayer of the appellees' complaint; and from this judgment this appeal is now here prosecuted.

Errors have been assigned by the appellants, in this court, which call in question the correctness of the decisions of the circuit court, adverse to them. The controlling question in the case, namely, the proper construction of the last will of John Alexander, deceased, we think, is fairly presented for the consideration and decision of this court, by the alleged error of the court below, in overruling

the appellants' demurrer to the appellees' complaint. This error, therefore, is the only one we need to consider and pass upon in this opinion.

In the interpretation and construction of the last wills of decedents, the law requires that the intention of the testator shall be ascertained, and, if possible, shall be carried into effect. This intention can not, as a rule, be gathered from a single item or clause of the will, detached from the other items; but the whole will, or at least so much thereof as may have any bearing on the subject under consideration, must be construed together. *Kelly* v. *Stinson*, 8 Blackf. 387; *Baker* v. *Riley*, 16 Ind. 479; *Craig* v. *Secrist*, 54 Ind. 419; *Fraim* v. *Millison*, 59 Ind. 123; *Cann* v. *Fidler*, 62 Ind. 116.

Upon this point, the appellees' counsel says:

" I am aware that the intention of the testator is to be looked to, in the construction of the will, and that no presumption will be indulged in, favoring an intestacy; but the intention is to be gathered from the will, and, if that is plain and unequivocal, the court will not change its meaning and language to save the intestacy or to promote the intention."

We assent to this statement of counsel, as an abstract proposition; but it seems to us that this statement can hardly be said to be applicable to the will under consideration in the case now before us. For, in this case, we are clearly of the opinion that the intention of the testator, John Alexander, can be readily gathered from the will itself, without " change " of " its meaning and language." We have given the substance of the appellees' complaint, in almost its exact language, and, in so doing, we have set out the quotations therein from the will, in the words of the will itself, and have indicated the same by the usual quotation marks. From this complaint, it is manifest that the appellees have founded their sup-

posed cause of action, in this case, entirely upon the last quotation from the will, set out in said complaint. This quotation is taken from the very heel of the testator's will. He had previously, in his will, provided for the payment of his debts and the expenses incident to the settlement of his estate ; he had named his legatees and specified the amounts of their respective legacies ; and he had empowered his wife, if she should survive him, to make bequests to a certain amount, to such person or persons as she should think proper, and had provided for the payment of such bequests by his own executor. Then the testator proceeded, in the quotation from his will, set out in the complaint, to provide for certain contingencies which might or might not happen, and to declare his will in the event of their happening.

As we read this quotation, there are three of these contingencies provided for; and, of these three, the most important and the controlling one is the third and last. The first of these contingencies is, if the testator's wife should fail to make the bequests she was empowered to make ; and the second one is, if the testator should survive his wife. But the third contingency is the one which the testator intended should control, and which did control, the question as to whether or not there should be any further legacies, under his will, than those previously provided for, and, if there should be, the proportionate amounts of such further legacies, and who should be the legatees. Thus, it is provided, as the third and last contingency, and the one which would necessarily control the entire provision contained in that portion of the will quoted in the appellees' complaint, that, if " there shall remain a surplus of money, after the payment of all legacies, debts, expenses, etc., then I direct that such residue shall be distributed," etc., and how and to whom such distribution should be made.

Now, it is true that the word "if" does not properly precede or accompany this third and last contingency. But, from the grammatical construction of that part of the will under consideration, and from the mood and tense of the controlling verb therein, the word "if" is so clearly and necessarily implied and understood, that it seems to us hardly possible for any one, whose "wish is not father to the thought," to mistake the meaning and intention of the testator in the quotation from his will, set out in the appellees' complaint. It was clearly the intention and purpose of the testator, beyond even the "shadow of a doubt," as it seems to us, to provide in this quotation from his will, that, if there should be a "surplus of money, after the payment of all legacies, debts, expenses, etc.," previously provided for in his will, such surplus or residue should be distributed in a certain manner, to certain persons, and in certain fixed proportions. Under this construction of the testator's will, which seems to us to be the only fair and reasonable construction thereof, there was not, and could not be, any intestacy of the testator, as to any part or portion of his estate; for his will, as thus construed, disposed of the entire surplus and residue of his estate.

It follows, therefore, that the court erred, in our opinion, in overruling the appellants' demurrer to the appellees' complaint.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the demurrer to the complaint.

Opinion filed at November term, 1879.

Petition for a rehearing overruled at May term, 1880.