Filed June 4, 1884.

---

No. 11,232.

## BECKER *v.* BECKER ET AL.

WILL.—*Intention of Testator.—Rule of Construction.*—In construing a will the primary rule is to ascertain, and, if possible, give effect to, the intention of the testator; and this intention is to be ascertained from an examination of all the provisions of the will bearing upon the subject of inquiry.

From the Shelby Circuit Court.

*T. B. Adams* and *L. T. Michener,* for appellant.
*B. F. Love, A. Major* and *H. C. Morrison,* for appellees.

HOWK, J.—The only question in this case depends for its decision upon the construction which must be given to the last will and testament of Samuel Becker, deceased. This will appears to have been duly executed and attested on the 10th day of February, 1882, and it was admitted to probate by and before the clerk of the court below on the 15th day of February, 1882. The following is a copy of such will:

" In the name of the Benevolent Father of all, Samuel Becker, of Hendricks township, State of Indiana, do make and publish this my last will and testament.

" Item 1. I give ,and devise to my beloved wife, Mary Becker, in lieu, one-third of the money which my farm brings, for which I want it sold. After my just debts are paid I give Henry Becker his book-account and note for his share. Solomon Becker, George Becker, John Becker, Jacob Becker, Christian Becker, my sister Susan Trion, to children of my brother Daniel Becker, for which I want divided equal between the above brother's heirs, and my brothers and sister.

" I do hereby nominate and appoint John Bensheimer and William H. Runyan my administrators of this my last will and testament, hereby authorizing and empowering them to compromise, adjust, release and discharge, in such manner as they may deem proper, the debts and claims due me."

(Signed)      " SAMUEL BECKER." [SEAL.]

The executors named in the will qualified according to law, and entered upon the discharge of the duties of their trust, and, after due administration had, they made and filed in the clerk's office below their final settlement report. It was shown by the executors that they had surrendered to Henry Becker his book-account of $2, and his note for $64.40, executed to the testator on September 16th, 1875, and due four months after date, for "his share" of the testator's estate. It was further shown by the executors that they had paid all the debts owing by their testator and all the expenses of the administration of his estate, and that there remained a balance of their testator's estate amounting to $704.02, which they paid into court for distribution among his legatees under the will and the order of the court.

The appellant, Henry Becker, claims that he is entitled, under the will, to an equal share with the other legatees named therein, the appellees in this court, of the balance for distribution. On the other hand, the appellees claim that when the executors surrendered to the appellant "his book-account and note," he got "his share" in full of the testator's estate, and had no interest whatever, under the will, in the balance of such estate for distribution, and that such balance was to

be divided equally between them, the appellees, to the en-
tire exclusion of the appellant from any share therein. The
question in dispute was decided by the trial court in favor of
the claim of the appellees that the balance for distribution of
the decedent's estate should be divided equally between them,
to the entire exclusion of the appellant from any share therein.

Did the circuit court err in this decision? This is the only
question we are required to decide, and this question, as we
have already said, depends for its proper decision upon the
construction which must be given to the provisions of the
last will and testament of Samuel Becker, deceased, hereto-
fore set out in this opinion. In *Lofton* v. *Moore*, 83 Ind. 112,
the court said : "In the construction of the will, it was the
duty of the court to ascertain and carry into effect, if possi-
ble, the intention of the testator, in regard to the matter under
consideration. This intention was to be ascertained, not from
any single item or clause, but from all the provisions of the
will having reference to the subject of the inquiry. *Kelly* v.
*Stinson*, 8 Blackf. 387 ; *Craig* v. *Secrist*, 54 Ind. 419 ; *Fraim*
v. *Millison*, 59 Ind. 123 ; *Tyner* v. *Reese*, 70 Ind. 432." See,
also, *Hinds* v. *Hinds*, 85 Ind. 312, where the same rule of
construction as applicable to the interpretation of last wills
is declared and approved.

Applying this rule of construction to the will under con-
sideration in the case in hand, we have no difficulty in reach-
ing the conclusion that the trial court did not err in its decision.
In such will the testator used this language : "After my just
debts are paid I give Henry Becker his book-account and
note for *his share*." His share of what? From all the pro-
visions of the will construed together, as they must be, there
can be certainly but one answer to this question. After first
making provision for his wife, and then for the payment of
his "just debts," the testator next provides for the distribu-
tion of the residue or surplus of his estate, among his living
brothers and sister, and the children of his deceased brother.
In making this distribution, he first gives the appellant Henry

Becker "his book-account and note for his share." Then, after naming his other living brothers and sister, and the children of his deceased brother, the testator expresses his wish that the balance of his estate be "divided equal between the above." Manifestly, this is what the testator intended, that all his living-brothers and sisters, and the children of his deceased brother, should share equally, as nearly as might be, in the surplus of his estate after his widow had received her portion, and after the payment of his just debts. After the appellant had obtained from the executors what was denominated in the will as "his share," and what was about equal to any share, under the will, in the surplus of the testator's estate, he then sought in this proceeding to obtain a share also in such surplus. The decision of the trial court was against the appellant, and we find no error in such decision.

The judgment is affirmed, with costs.

Filed June 6, 1884.