Waters v. Bishop et al.

Filed March 13, 1890.

———◆———

No. 13,995.

WATERS v. BISHOP ET AL.

WILL.—*Construction of.*—*Fee Simple Estate.*—*Heirs of the Body.*— *Who are Not.*—Where the first item of a will bequeathed to the daughter of the testator certain real estate "for and during her natural life;" and the second item provided that if she should have a child, or children, living at the time of her death, then the fee simple of said real estate should go to said children, or their descendants, alive; and the third item provided that if the said daughter should die without issue, the fee simple of said real estate, at her death, should go-to the heirs of the testator's body living at the time of his daughter's death,

*Held,* that the daughter, who was the only child of the testator, he leaving no widow, father, or mother, surviving him, took the fee of said real estate as his heir, subject to the contingency provided for in the second clause of the will.

*Held,* also, that the sister of the testator and her children were not heirs of his body, and had no contingent interest in said real estate under the third clause of the will.

SAME.—*Heirs of the Body.—Definition of.*—The term, "heirs of the body," means such of the issue, or offspring, as may lawfully inherit.

SAME.—*Intention of Testator.—How Ascertained.—Must be Given Effect.*—In construing a will the first and primary object is to ascertain, if possible, the intention of the testator, and when such intention is ascertained it must be given effect, unless some law be violated thereby. Such intention must be gathered from the will itself, and the courts are not at liberty to strike out or insert provisions which give the will an interpretation not warranted by the language used by the testator.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge, B. C. Moon* and *W. C. Purdum,* for appellant.

*J. O'Brien, C. C. Shirley* and *G. W. Cooper,* for appellees.

COFFEY, J.—This was an action brought by the appellant, in the circuit court, against the appellees, to construe the will of Patrick H. McCann, deceased, and to quiet title to the real estate described in the complaint. The complaint is in two paragraphs.

The first paragraph is an ordinary complaint, in the usual form, to quiet title.

The second paragraph of the complaint sets out the will of the said Patrick H. McCann, and alleges that by virtue of the same the appellant, Sarah E. Waters, is the owner in fee of the land therein described, and that the appellees claim an interest therein.

So much of the will as is necessary to the controversy here is as follows: "Item 1st. I give and bequeath to my beloved daughter, Sarah E. McCann, for and during her natural life, the following described real estate in Howard county, Indiana, to wit: * * the rents and income of said real estate to vest in said Sarah absolutely.

"Item 2d. If the said Sarah should have a child, or children, living at the time of her death, then I devise the fee simple of said real estate to said children, or their descendants alive.

"Item 3d. If my said daughter should die without issue

then I devise and bequeath the fee simple of said real estate, at her death, to the heirs of my body living at the time of her death."

Following this are several specific bequests to friends, after which is the following:

"Item 8th. After the payment of all just debts and funeral expenses, and said legacies, I devise all the residue of my property, real, personal, or mixed, to my beloved daughter Sarah E. McCann."

The testator died in 1883, leaving the said Sarah E. McCann as his only child, and leaving no widow, or father, or mother. The said Sarah is now the wife of her co-appellant, and has by him one child. The appellees are the sister of the testator and her children, and the husbands of her married daughters and their children.

The appellees filed an affirmative answer, in two paragraphs, to which the court overruled a demurrer, but as it is evident that the whole case turns upon the construction of the will above set out, and upon the special finding of the court, we need not encumber this opinion with any question arising out of this ruling of the court.

At the request of the appellant the court made a special finding of the facts proven upon the trial, from which it appears that Patrick H. McCann died the owner of the land in dispute, leaving the will above set out; that the appellant, Sarah E. Waters, is the only child of the said Patrick H. McCann, and that he left no widow, father, or mother; that the appellee, Margaret Bishop, is his sister, and the other appellees are her husband and her children, and the wives and husbands of such of her children as are married; that the appellees make, and have made, no claim to said real estate, except a possible contingent interest in the same in the event the said Sarah E. Waters should die without child, or children, or the descendants of a child, or children.

The court's conclusion of law upon these facts was that the appellant was not entitled to recover in this action.

It is evident from this statement of the facts in the case that the only question for our consideration is the one involving the construction of the will of Patrick H. McCann. If the appellant, Sarah E. Waters, has a fee simple interest in the land in controversy, and the appellees can in no event take an interest in the land under said will, she is entitled to have it so declared; but, on the other hand, if she takes only a life-estate in the land involved in this suit, and the appellees have a contingent interest in said land, then she can not recover.

In construing a will the first and primary object is to ascertain, if possible, the intention of the testator, and when such intention is ascertained it must be given effect, unless some law will be violated thereby. *Craig* v. *Secrist,* 54 Ind. 419; *Cann* v. *Fidler,* 62 Ind. 116; *Tyner* v. *Reese,* 70 Ind. 432; *Critchell* v. *Brown,* 72 Ind. 539; *Lofton* v. *Moore,* 83 Ind. 112; *Hinds* v. *Hinds,* 85 Ind. 312; *Downie* v. *Buennagel,* 94 Ind. 228; *Becker* v. *Becker,* 96 Ind. 154; *Mellett* v. *Ford,* 109 Ind. 159.

Such intention must be gathered from the will itself, and the courts are not at liberty to strike out or insert provisions which give the will an interpretation not warranted by the language used by the testator. *Leonard* v. *Burr,* 18 N. Y. 96; *Judy* v. *Gilbert,* 77 Ind. 96.

The first clause or item in the will before us, taken alone, creates in the appellant a life-estate in the lands in controversy, and nothing more. *Ridgeway* v. *Lanphear,* 99 Ind. 251; *Wright* v. *Jones,* 105 Ind. 17; *Goudie* v. *Johnston,* 109 Ind. 427.

Construing the will before us as a whole, it would seem to be clear that the testator did not make any present disposition of the fee to the land bequeathed to the appellant. The fee is to vest in her child or children, or their descendants alive at the time of her death. In such case the fee descends to and vests in the heir of the testator. *Parks* v. *Kimes,* 100

Ind. 148 ; *Thomas* v. *Thomas*, 108 Ind. 576 ; *Hauk* v. *Mc-Comas*, 98 Ind. 460 ; *Waugh* v. *Riley*, 68 Ind. 482. ..

The fee, however, vested in the appellant as the heir of Patrick H. McCann, is subject to the contingency provided for in the second clause of his will.   In the event she should die, leaving a child or children, or the descendants of a child or children living at the time of her death, the fee vested in her, or in her grantee, would immediately vest in such child or children, or their descendants.   *Nightingale* v. *Burrell*, 15 Pick. 104 ;   1 Fearne Remainders, 399 ;   4 Kent Com. (12th ed.) 268–9 ; 1 Jarman Wills (5th ed.), 866 ; *Miller* v. *Chittenden*, 4 Iowa, 252 ; *Hulburt* v. *Emerson*, 16 Mass. 241 ; Preston on Estates, 495.

The conclusion being reached that the appellant is possessed of the fee to the land in controversy, it remains to inquire whether the appellees can, in any contingency, take an interest in such land under the terms of the will.   If they can take an interest under the will, it must be so by reason of the provisions of the third clause, for there is no other provision under which such claim could be made.   We are of the opinion that they can not take under that clause.   Under the terms of that clause none but the heirs of the body of Patrlck H. McCann can take.   The appellees are the sister of the testator, and her children, and are not heirs of the body of Patrick H. McCann.

The term " heirs of the body " means such of the issue or offspring as may lawfully inherit.   *Black* v. *Cartmell*, 10 B. Mon. (Ky.) 188.

It is unnecessary to inquire what the testator had in his mind at the time the third clause in his will was written, as it is perfectly plain that the appellees do not belong to the class designated by that clause.   They are not the issue or offspring of Patrick H. McCann, and can not, therefore, take an interest in his estate under the third clause of his will.

It follows from what we have said, that the appellees have not even a contingent interest in the land in controversy un-

der the will of the testator, and that the court erred in its conclusions of law upon the facts found.

Judgment reversed, with directions to the circuit court to render a decree for the appellant quieting title to the land in controversy as against any claim of the appellees.

Filed March 14, 1890.