LUTZ
v.
LUTZ.

*Judah*, for the appellant.

---

## LUTZ and Another *v.* LUTZ.

A testator, commencing his will by expressing an intention to dispose of all his worldly estate, devised to his wife all his lands and tenements for life, together with all his household goods and chattels. If his wife married again, she was still to enjoy the real estate, but without power to dispose thereof except by leasing it for a term not exceeding one year at a time. If she married and died without issue, the real estate was to descend to a nephew of the testator; but if she had issue, the estate was to descend to such issue. The testator died, having made no further disposition of his property, and leaving no children.

On a claim by the testator's brothers, his heirs at law, *Held*, that all the personal estate including moneys and obligations passed, by the will, to the widow of the deceased.

The construction of a will depends, not so much upon any rigid principle of law, as upon what appears by the will to have been the testator's intention.

*Thursday,
May 17.*

ERROR to the *Clark* Circuit Court.

SCOTT, J.—*Casper Lutz*, in his last will and testament, bequeathed to his wife *Catharine* all his lands and tenements, with all the benefits and profits thereunto belonging, to be freely possessed and enjoyed by her during her natural life, together with all his household goods and chattels; and made and ordained her his executrix, and his brother *Henry Lutz*, executor. A further provision of the will is, that should his said wife *Catha-*

*rine* marry after his decease, she should still possess and enjoy his real estate; but should have no power to dispose of the same, or to lease it for more than one year at a time. And should she die without issue of her body, then and in that case, the said real estate should descend to *Alexander Joseph Lutz*, the son of his brother *Henry Lutz*. But in case the said *Catharine* should have a child or children, then the said real estate should descend to the said child or children; and the testator directs his executors to collect his debts, &c. On the 6th of *September*, 1818, *Casper Lutz* died without children, and his brothers, *Henry* and *Jacob*, filed their bill in the Circuit Court, complaining that the said *Catharine*, in violation of the provisions of the said will, retained the exclusive possession and control of the goods, chattels, moneys, and obligations of said estate, except about 300 dollars; and stating, also, that the said moneys and effects do not pass to the said *Catharine* by the will; but that they descend to the complainants as the brothers and legal heirs of the deceased. There was a demurrer to the bill, and decree in favour of the defendant.

The only question presented for our consideration is, whether the moneys and obligations go to the widow, or descend to the heir at law, as property not disposed of by the will?

This *is* not an instrument in which the intention of the maker must yield to any rigid principle of law. The intention of the testator, in such cases as the present, must prevail. As this instrument was evidently not drawn by a skilful hand, we must seek for the intention of the testator, rather from its general features than from a strict grammatical construction of language. The whole difficulty seems to have arisen from the word *household* being used in that clause of the will, which disposes of the personal estate. If we suppose the word *all* as having application to the word *chattels*, as well as to *household goods*, then, by supplying the elipsis, the bequest would include all his household goods, and all his chattels; which would be all his personal estate. Or, if the word *household* be rejected as useless and unmeaning, the same result follows: and we are the more strongly inclined to believe that this was the intention of the testator, from his clear expression, at the commencement of the instrument, of his intention to dispose of the worldly estate wherewith it had pleased God to

10

*May Term, 1827.*

LUTZ
v.
LUTZ.

bless him in this life. Comparing this declaration of the testator's intention, with his subsequent distribution, we cannot hesitate to believe that his design, in the clause above alluded to, was to give his wife all his personal estate; and not to leave the moneys and bonds, forming so important a part of it, undisposed of (1). We therefore think the decision of the Circuit Court correct.

*Per Curiam.*—The decree is affirmed with costs.

*Thompson* and *Naylor*, for the plaintiffs.

*Howk*, for the defendant.

(1) "The first and great rule in the exposition of wills, to which all other rules must bend, is, that the intention of the testator expressed in his will shall prevail, provided it be consistent with the rules of law. Doug. 322. 1 Bl. R. 672. This principle is generally asserted in the construction of every testamentary disposition. It is emphatically *the will* of the person who makes it, and is defined to be 'the legal declaration *of a* man's intentions, which he wills to be performed after his death.' 2 Bl. Comm. 499. These intentions are to be collected from his words, and ought to be carried into effect if they be consistent with law.

In the construction of ambiguous expressions, the situation of the parties may very properly be taken into view. The ties which connect the testator with his legatees, the affection subsisting between them, the motives which may reasonably be supposed to operate with him, and to influence him in the disposition of his property, are all entitled to consideration in expounding doubtful words, and ascertaining the meaning in which the testator used them." Per *Marshall*, C. J., in *Smith* v. *Bell*, 6 Peters, 68, 75.