BAKER *v.* RILEY and Another.

$\boxed{\begin{matrix}16 & 479\\130 & 395\end{matrix}}$

*Semble,* that one claiming the separate and entire ownership of lands, can not claim to be made a defendant to a proceeding for the partition of the lands, instituted by others claiming to hold as tenants in common.

*A.* disposed of his property, by will, as follows: "I also direct that the whole of my estate, both real and personal, except which will pay my just debts and funeral expenses, shall be and remain the absolute property of my beloved wife, if she shall be living at the time of my decease. But if she shall not survive me, then that the real estate be given absolutely to *Nathan Otis* . . . . . and *Susannah Wildowner,* share and share alike, after the death of my beloved wife . . . . . I direct again, at the death of my beloved wife, that what personal property may remain, be divided between *Nathan Otis Thayer* and *Susannah Wildowner,* share and share alike."

*Held,* that the construction of a will depends not so much upon any rigid principles of law, as upon what appears, by the will, to have been the testator's intention; which is not to be collected from any particular clause, but from the whole will, taken together.

*Held,* also, that it was the intention of *A.* to devise to his wife, in case she survived him, a life estate only in the real estate, with remainder to the persons named in the will.

APPEAL from the *Hamilton* Circuit Court.

WORDEN, J.—This was a petition for partition, brought by *Baker,* the appellant, against *Nathan O. Thayer,* in which the petitioner claimed the undivided half of a forty acre tract of land, alleging that *Thayer* was entitled to the other half. The matter was brought to a hearing, and judgment of partition was entered, and commissioners were appointed to make partition; and the cause was continued until the next term of the Court for the report of the commissioners.

At the next term of the Court, *Riley,* the appellee, filed his petition to be made a party defendant, setting up title in himself to the whole tract of land, and claiming that neither *Baker* nor *Thayer* had any title to the land. The grounds upon which *Riley* claimed title are disclosed and set out in his petition to be made a party. The plaintiff objected to *Riley* being made a defendant, and demurred to his petition, but the demurrer was overruled. On the trial, it was adjudged that the title to the land was in *Riley.* Proper exceptions were taken to present the questions involved.

It is objected by the appellant, that *Riley*, claiming the whole of the land, and not claiming a joint tenancy, or tenancy in common, or coparcenary, with either *Baker* or *Thayer*, had no right to interfere in this suit, or be permitted to be made a defendant. This objection would seem, from several considerations, to be well taken; but the view which we take of the title set up by *Riley*, renders it unnecessary to decide this point.

The land belonged to one *Lewis Taylor*, who, in 1851, died testate, leaving a widow whom *Riley* afterward married, and who had since deceased, leaving to *Riley* whatever estate of inheritance she had in the land in controversy. *Baker* claims by purchase from *Susannah Wildowner*, mentioned in the will of the testator, *Taylor*.

The will, so far as it is material here to state it, is as follows: "I also direct that the whole of my estate, both real and personal, except which will pay my just debts and funeral expenses, shall be and remain the absolute property of my beloved wife, if she shall be living at the time of my decease. But if she shall not survive me, then that the real estate shall be given absolutely to *Nathan Otis* . . . . . . . and *Susannah Wildowner*, share and share alike, after the death of my beloved wife. I also direct that *Samuel C. Taylor* have, of my personal property, if he marries and needs it, one cow, six sheep, a bed and bedding. I direct again, at the death of my beloved wife, that what personal property may remain be divided between *Nathan Otis Thayer* and *Susannah Wildowner*, share and share alike."

This will is inartificially and obscurely drawn, and contains some repugnant and conflicting provisions, and it is somewhat difficult to ascertain the real intention of the testator. The construction of a will depends not so much upon any rigid principle of law, as upon what appears, by the will, to have been the testator's intention. *Lutz* v. *Lutz*, 2 Blackf. 72. This intention is not to be collected from any particular clause, but from the whole will, taken together. *Kelly and wife* v. *Stinson, et al.*, 8 Blackf. 387.

Considering the several parts of the will, as above set out, we are of opinion that it was the intention of the testator to

devise to his wife, in case she survived him, a life estate only in the real estate, with remainder to the persons named in the will. It follows, that *Riley* took nothing by descent from his wife, her estate in the premises terminating with her life.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*G. H. Voss*, for the appellant.

*D. C. Chipman* and *S. Maker*, for the appellees.