*J. Buchanan,* for appellants.

*J. Poole* and *A. A. Rice,* for appellee.

---

## RIDGWAY ET AL. *v.* MANIFOLD, GUARDIAN.

WILL.—*Construction.*—*Election.*—A. devised to B. one hundred acres of land, the will containing the following provisions: "for which there is to be a charge made against him of one thousand dollars, to be by him paid into my estate two years from the time of his arriving at the age of twenty-one years; if he should not elect to take the land, then and in that case he is to have three thousand dollars in money, and is exempted from paying the one thousand dollars as above specified, and the real estate hereby bequeathed is to remain as the real property of my wife, subject to her disposal, and to be by her disposed of as by my will directed, with the residue of my real estate given her," etc. A. had no children, and B. was of no kin to decedent, but was taken by him when he was a babe to be raised, but was not adopted, and was named by the deceased after himself, and was eight years old at decedent's death.

*Held,* that looking at the whole will, and regarding the circumstances surrounding the testator, it was his intention to give B. a present estate in the land devised, subject to the payment of the one thousand dollars in two years after his majority. But if he should elect not to take the land and pay the one thousand dollars, in that case he was to be paid the three thousand dollars.

Ridgway *et al. v.* Manifold, Guardian.

*Held*, also, that it was evidently the intention of the testator that B. should have the land, and it required an election on his part to reject the land and claim the pecuniary provision, before he would be entitled thereto.

APPEAL from the Henry Circuit Court.

DOWNEY, J.—The appellee, guardian of Charles Benton Manifold, sued the appellants to recover certain real estate, and had judgment in his favor. The title of the said Charles Benton Manifold depends upon the will of Henry Manifold, which is as follows:

"I, Henry Manifold, of the county of Henry, and State of Indiana, of lawful age, being weak in body, but of sound mind and disposing memory, do make and constitute this as my last will and testament, hereby revoking and making void all former wills, and making and constituting this as my last will and testament concerning my worldly affairs that I may be possessed of at my decease.

"First. It is my will and desire that after my death my body be decently buried in a manner corresponding with my estate and condition in life.

"Second. I will and bequeath to my beloved wife, Anna Manifold, during her natural life, the following described real estate, to wit: The north-west quarter of section twenty-four, township eighteen, north of range eleven east, containing one hundred and sixty acres; also all my personal property after the payment of all my just debts and funeral expenses; and after her death, the same is to go to, and be equally divided between, Robert H. Taylor and Charles Benton Manifold, if they should prove to be sober and industrious, in equal proportions; and in case either of them should not prove sober and industrious, then, and in that case, their part or parts is to be and remain in my wife, to be by her disposed of as she may think best; and it is my will, wish, and desire that she shall use her discretion in disposing of the same if it should inure to her by death of either or both of them dying without issue of their bodies, or want of sobriety or industrious habits.

"It is my will, and I bequeath to Charles Benton Manifold one hundred acres of land, the same being the south half of the south-east quarter of the north-west quarter of section three, township eighteen, range eleven east, containing twenty acres, and the east half of the south-west quarter of section thirteen, township eighteen, range eleven east, containing eighty acres, for which there is to be a charge made against him of one thousand dollars, to be by him paid into my estate two years from the time of his arriving at the age of twenty-one years. If he should not elect to take the land, then, and in that case, he is to have three thousand dollars in money, and is exempt from paying the one thousand dollars, as above specified; and the real estate hereby bequeathed is to remain as the real property of my wife, subject to her disposal, and to be by her disposed of as by my will directed, with the residue of my real estate given her; and it is my will and desire that after my death my executor hereafter named shall satisfy one thousand five hundred dollars of a mortgage given by Robert H. Taylor without any money or any other consideration for the act thus performed, that is, notes mentioned in said mortgage becoming due the years 1873, 1878, and 1883. I hereby constitute and appoint David Waltz my sole executor to execute this my last will and testament.                    HENRY MANIFOLD, [SEAL.]"

As it was proper that the court should know the circumstances surrounding the deceased, and in the light of which his will is to be construed, the parties have agreed upon the following facts:

"That the deceased died on the 6th day of August, 1866, leaving three thousand five hundred or four thousand dollars of personal estate, and the owner of lands described in the will given in evidence; that he left surviving him his widow, now Anna Ridgway, one of the defendants, who became insane a short time after his decease; and an inquisition of insanity was had and a guardian appointed for her, but he never took possession of the estate; that at the death of her husband she owned — acres of land in her own right, which

she yet owns; that the decedent never had any children, neither had he any father or mother at his death, but had brothers and sisters; that Robert Taylor, named in the will, was taken by decedent, when eight years old, to raise, but was not adopted by him; and Charles Benton Manifold is of no kin to decedent, and is a bastard; was taken by decedent to raise when he was a babe, but was not adopted by him; that his parentage, on his father's side, was not known, and he was named after decedent by him, and was eight years of age at decedent's death; that he and Taylor were both raised by decedent; that decedent gave Taylor eighty acres of land and put him in possession when he was eighteen years old, and when he was nineteen he gave him a deed to the same, the land being estimated at four thousand dollars, the said Taylor giving his notes to decedent for two thousand dollars; that he allowed him to receive the rents and profits of said land from the time he was eighteen; he gave him a horse and some other articles of value, and schooled him; the land given to him is not described in the will; the tract of land in controversy was worth at his death ———— dollars." Signed by counsel.

The real estate in controversy is that consisting of the twenty and the eighty-acre tracts mentioned in the will. It is contended by the learned counsel for the appellants that it required an election on the part of Charles Benton Manifold before the title could vest in him, and that he being an infant could not, during infancy, make such election. Hence it is insisted that the title descended to and must remain in the widow of the decedent until Charles Benton Manifold has arrived at the age of twenty-one years, and has made his election. It is claimed that the language of the will, "If he should not elect to take the land," etc., conveys a different idea, and requires a different meaning to be placed on the will than if it had said, "If he should elect not to take the land," etc. But we must not confine our attention to a single word or a few words of the will, but construe each part of it with reference to the other parts, and to the whole

of it, and in the light of the surrounding circumstances. Any construction which would result in partial intestacy is to be avoided, unless the language of the will compels such construction.   The intention of the testator is, when it can be ascertained, the governing criterion in the construction of his will.   *Jackson* v. *Hoover*, 26 Ind. 511; *Stephens* v. *Evans' Adm'x*, 30 Ind. 39; *Cate* v. *Cranor*, 30 Ind. 292; *Lutz* v. *Lutz*, 2 Blackf. 72; *Baker* v. *Riley*, 16 Ind. 479; *Stevenson* v. *Druley*, 4 Ind. 519.

Looking at the whole will, and regarding the circumstances surrounding the testator, we are of the opinion that it was his intention to give to Charles Benton Manifold a present estate in the one hundred acres of land, subject to the payment of the one thousand dollars in two years after his majority.   But if he should elect not to take the land and pay the one thousand dollars, in that case he was to be paid the three thousand dollars.   If an election should be held to be necessary before the vesting of the title, and the election cannot be made while the devisee is a minor, then as the three thousand dollars is payable only after the election has been made by him, the construction contended for by counsel for the appellants would leave the boy without any provision for his maintenance and education during his minority.   The circumstances forbid the idea that the deceased intended any such result.   It can hardly be presumed that the testator would have taken the boy to raise, and have reared him to the age of eight years, and then, when he was as much as ever in need of his care and support, leave him without any provision whatever.

The doctrine of election is generally applied to cases where the person who is put to an election has some right or title in himself, independent of the will, which right or title the testator, by the will, attempts or assumes to dispose of or affect, giving to the party a right or title, by the will, to something else which belonged to the testator; as, if the testator should devise to A. a quarter section of land owned by him, and should, by the same will, attempt or assume to

devise to B. a quarter section of land belonging to A. Here A. cannot claim the quarter section of land devised to him by the will, without giving full effect to the will by yielding up to B. the quarter section of land of which he is the owner, or making compensation to him for the loss of it. 2 Redf. Wills, 352; Story Eq., sec. 1075, *et seq.*

There are cases, however, where the devisee or legatee is required or allowed to elect between inconsistent or alternative devises or bequests in a will, where both belong to the testator, as in the case under consideration. Here, however, we think it was evidently the intention of the testator that the devisee should have the land, and that it requires an election on his part to reject that provision and claim the pecuniary provision, before he would be entitled to it.

But if an election were necessary to enable the devisee to claim the land, instead of the three thousand dollars in money, it seems that he, although under disability, might make the election by himself or by his guardian. 2 Redf. Wills, 358, sec. 11, and authorities cited.

The judgment is affirmed, with costs.

*M. E. Forkner* and *M. L. Bundy,* for appellants.

*J. Brown* and *R. L. Polk,* for appellee.