Hiram K. Cooper, Administrator c. t. a. of Mary R. Haines *vs.* James E Haines, Executor of Margaret R. Haines.

*Execution of a Power—Act of 1888, ch. 249—Construction of Will.*

Independent of the Act of 1888, ch. 249, the question as to the testamentary execution of a power is one always of intention; and it is not necessary that such intention shall be declared in express terms.

To constitute a valid execution of a power there must be some reference in the will to the power; or a reference to the property which is the subject on which the power is to be executed; or unless the provision in the will would be inoperative except as an execution of the power.

G. H. gave by will to his wife Mary R., in lieu of her dower, "the sum of three thousand dollars, the profits thereof to be paid to her during her life, the better to enable her to live in comfort; and, should the profits thereof not be sufficient, then as much of the principal sum of three thousand dollars as she may require, from time to time." He also gave her for life, jointly with his daughter Margaret, two farms and certain personal property. The will then provides as follows : "The sum of three thousand dollars, which I have given and devised to my wife Mary R., I wish to remain in the custody of my executrix, to be paid to her in accordance with the foregoing provisions in reference to the said sum of three thousand dollars. Should my wife, Mary R. survive my daughter Margaret R, then I hereby authorize and permit my wife to devise by will, or otherwise, the sum of two thousand dollars, if that amount of the three thousand dollars shall be left." The said sum of $3000 remained in the hands of Margaret, the executrix of G. H. till her death, in 1879, and afterwards passed into the hands of James E. H. her husband and executor. Of this sum James E. H. the executor of Margaret, and administrator *d. b. n., c. t. a.* of G. H. upon the order of the Orphans' Court, passed in pursuance of the will of G. H. paid to his widow Mary R. $1000,

Cooper, Adm'r *vs.* Haines, Ex'r.

and the interest on the remaining $2000 he paid to her during her life.    Mary R. died in 1887 leaving property belonging to her in her own right, amounting to about $2300.    By her will she bequeathed to the child and grandchildren of her deceased husband G. H. legacies amounting to $2000.    In the fourth clause of her will she gave all the rest and residue of her personal property to her brother and his daughter, and to another relative; and the next clause was as follows:  "The personal property bequeathed to me by my late husband G. H. remains in the hands of James E. H. the husband and executor of my step-daughter Margaret R. H. deceased, and the real estate of my late husband, and by the terms of his will I am entitled to the full life estate in the same."    HELD :

That the reference by Mary R. in her will to the $2000 in the hands of James E. H. was a sufficient reference to the subject of the power, contained in the will of her husband, and was for the purpose of disposing of said sum under her will.

APPEAL from the Orphans' Court of Cecil County.

The case is stated in the opinion of the Court.

The cause was submitted to MILLER, STONE, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*William J. Jones*, for the appellant.

*W. S. Evans, Hiester Hess*, and *Albert Constable*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The sole question in this case is, whether the will of Mary R. Haines, is a valid execution of the power given her in the will of George Haines her husband? The testatrix died in 1887, and her will does not therefore come within the operation of the Act of 1888, ch. 249, which provides that, "every devise and bequest, purporting to be of all real and personal property belonging to the testator, shall be construed to include

also all property over which he has a general power of appointment, unless the contrary intention shall appear in the will or codicil containing such devise or bequest.''

Independent then of the statute, the question as to the testamentary execution of a power, is one always of intention. And whatever may be the apparent conflict in some of the earlier cases, they all agree, that it is not necessary that such intention shall be declared in express terms. All the law requires in this respect is, that it should plainly appear the testator had the power in view and meant by his will to execute it. · The leading cases, are fully considered by BEST, C. J., in *Nowell vs. Roake*, 2 *Bing.*, 497; and by ABBOTT, C. J., in Error, 5 *Barn. & Cress.* 920, and again in the House of Lords on appeal. 2 *Dow & Clark's Cases*, 437. The cases referred to in the able and elaborate opinion of BEST, C. J., and the cases later still on the subject, are all collected and reviewed in 1 *Sugden on Powers*, 371. Without going over the same ground it is sufficient to say, that a long series of cases, from Sir *Edward Clere's case*, 6 *Coke*, 17, to the present time, fully establish, that to constitute a valid execution of a power, there must be some reference in the will to the power; or secondly, a reference to the property which is the subject on which the power is to be executed; or thirdly, unless the provision in the will would be inoperative except as an execution of the power. *Blake vs. Bunbury*, 1 *Vesey, Jr.*, 525; *Bennett vs. Aburrow*, 8 *Ves. Jr.*, 609; *Lowes vs. Hackward*, 18 *Ves. Jr.*, 168; *Mory, Ex'x vs. Michael*, 18 *Md.*, 227; *Patterson, et al. vs. Wilson*, 64 *Md.*, 197; *Balls vs. Dampman*, 69 *Md.*, 390.

With these well settled principles to guide us, let us see what are the facts in this case. The testator gives to his wife in lieu of her dower, "the sum of *three* thousand dollars, the profits thereof to be paid to her

during her life, the better to enable her to live with comfort; and should the profits thereof not be sufficient, then as much of the principal sum of three thousand dollars, as she may require, from time to time." He also gave to her for life jointly with his daughter Margaret, two farms and certain personal property. Then comes the following provision: "The sum of three thousand dollars, which I have given and devised to my wife Mary R., I wish to remain in the custody of my executrix to be paid to her in accordance with the foregoing provisions in reference to the said sum of three thousand dollars. Should my wife Mary R., survive my daughter Margaret R., then I hereby authorize and permit my wife to devise by will, or otherwise, the sum of two thousand dollars, if that amount of the three thousand dollars shall be left."

The said sum of three thousand dollars remained in the hands of Margaret, the executrix of George Haines till her death in 1879, and afterwards passed into the hands of James E. Haines, her husband and executor. Of this sum, James the executor of Margaret and adm'r *d. b. n., c. t. a.* of George Haines, upon the order of the Orphans' Court passed in pursuance of George Haines' will, paid to his widow Mary R. Haines, one thousand dollars, and the interest on the remaining two thousand dollars he paid to her during her life. Mary R. Haines died in Pennsylvania in 1887 leaving property belonging to her in her own right amounting to about twenty-three hundred dollars. By her will, she bequeathed to *the child* and *grandchildren of her deceased husband* George Haines, legacies amounting to *two thousand dollars.* In the fourth clause of her will she gives all the rest and residue of her personal property to her brother Henry and to his daughter Annie, and to Mary Haines. And then comes the clause out of which this controversy has arisen: "The personal property bequeathed to me

by my late husband George Haines, remains in the hands of James E. Haines of Rising Sun, Maryland, the husband and executor of my step-daughter Margaret R. Haines, deceased, and the real estate of my late husband, I, by the terms of his will, I am entitled to the full life estate in the same."

Now the question is whether this clause taken in connection with the other provisions in her will, is to be construed as an execution of the power under her husband's will? And this depends upon whether the testatrix refers to the property which is subject to the power, with the intention of disposing of it under her will. And in regard to this, there can we think be but one opinion. "The personal property bequeathed to me by my late husband" "remains in the hands of James E. Haines of Rising Sun, Maryland, the husband and executor of my step-daughter Margaret R. Haines," means, and can only mean the two thousand dollars, the balance of the three thousand dollars which her husband bequeathed to her for life with the power of disposing of it, and which was in the hands of James E. Haines, executor. In fact there was no other property in his hands upon which the will could operate. There was, it is true, some other personal property which her husband bequeathed to her jointly with his daughter Margaret, but her interest in this property was but a life interest. And then there is some criticism as to the language used by the testatrix, "the personal property bequeathed to me by my late husband," as if it is said, the property was given to her absolutely. Now in answer to this, it may be said, that she was dealing with property in which she had something more than a mere power of appointment. She was in the first place entitled to the interest on the three thousand dollars during her life, and then she was entitled to so much of the principal, from time to time, as might

be required to enable her to live with comfort. And if she did not, strictly speaking, use language the most appropriate in describing her interest in the property, she but followed the language used in the will of her husband, for he says, "The sum of three thousand dollars which I have given and devised to my wife," &c. But she not only refers to the property which is subject to the power, but points out to her executor who lives in another State, the person in whose hands the property will be found. And it is equally clear, we think, that this reference by her to the two thousand dollars in the hands of James E. Haines was, for the purpose, and sole purpose, of disposing of it under her will. She could have referred to it with no other purpose. If she did not mean to dispose of it, then the reference to it would be utterly meaningless, and the entire provision would be inoperative and void. As was said by the Master of the Rolls, Sir WILLIAM GRANT, in *Bennett vs. Aburrow*, 8 *Ves. Jr.*, 609: "Formerly it was sometimes required that there should be an express reference to the power. But that is not necessary now. The intention may be collected from other circumstances; as that the will includes something the party had not otherwise than under the power of appointment; that a part of the will would be wholly inoperativn unless applied to the power."

We find nothing upon the face of this will to justify the appellee's contention. Exclusive of the two thousand dollars in the hands of James E. Haines, the entire property belonging to, and subject to the testamentary disposition of, the testatrix did not exceed twenty-three hundred dollars. And we can hardly suppose she meant to give two thousand dollars of this sum to her step-children, thus leaving but three hundred dollars to be distributed to her own brother and relations, knowing at the time, there was two thousand dollars in the hands

of James E. Haines, executor, the precise sum suffi-
cient to pay the legacies to her husband's family, and
which she had the right to dispose of in her will.    It
is much more reasonable to suppose, she meant to give
this two thousand dollars which came from her hus-
band's estate, and the interest on which she had enjoyed
for life, to his children and grandchildren, and the
twenty-three hundred dollars belonging to her in her
own right, she meant to give to her brother and other
relations.    And such we think, was beyond all ques-
tion her intention.

The order of the Orphans' Court distributing the
fund in the hands of James E. Haines, in accordance
with distribution account No. 1, will be reversed, and
the cause remanded.

*Order reversed, and*
*cause remanded.*

(Decided 1st March, 1889.)