Eubank *et al. v.* Smiley *et al.*

Petition overruled.

Filed Feb. 26, 1892.

No. 15,365.

EUBANK ET AL. *v.* SMILEY ET AL.

WILL.—*Language of.—How Construed.*—In the construction of wills, courts seek to ascertain and promulgate the intention of the testator. In ascertaining such intention, isolated statements and clauses of the testament will not be selected, and their meaning determined, without any relation to other clauses or parts of the will. The courts will look to the whole instrument, and construe each part with relation to the language used in other parts of the instrument, which sheds any light on the controverted portion of the will.

SAME.—*Item Relating to Real and Personal Property.—Construction of — Life-Estate.*—A will contained the following item: "I will and bequeath all my property, both real and personal, to my faithful and beloved wife, to do with and dispose of after my decease as she may think best, and I hereby enjoin it upon her to pay all debts which may be due at my decease. And I further declare it to be my will that, at the decease of my wife, my real estate be equally divided among my heirs, and the personal property which she may leave to be disposed of as she may desire." This was the only item in the will relating to the real estate. It was not necessary to sell the real estate to pay debts.

*Held,* that the item of the will referred to, gave to the widow a life-estate only in the land, and the remainder to the heirs, and that the absolute

title to the personal property was in the widow with full power of disposition.

From the Decatur Circuit Court.

*J. D. Miller* and *F. E. Gavin*, for appellants.

*J. K. Ewing* and *C. Ewing*, for appellees.

OLDS, J.—In the year 1874, William Eubank died testate, the owner of certain real estate described in the complaint in this action. By his will he disposed of his estate, and the only provision in said will relating to said real estate reads as follows :

" I will and bequeath all my property, both real and personal, to my faithful and beloved wife, Mary Eubank, to do with and dispose of after my decease as she may think best, and I hereby enjoin it upon her to pay all debts which may be due at my decease. And I further declare it to be my will that, at the decease of my wife, Mary Eubank, my real estate be equally divided among my heirs, and the personal property which she may leave to be disposed of as she may desire."

The complaint avers that the widow, Mary Eubank, sold and conveyed the real estate during her life, and conveyed the same to her daughter for the nominal sum of one dollar ; that the appellees hold title to the same by mesne conveyances from the daughter ; that no part of the proceeds of said land was needed or used for the payment of the debts of the testator.

The appellants, the plaintiffs below, claim title to the real estate as the heirs of said testator, William Eubank.

A demurrer was sustained to the complaint, exceptions reserved, and the ruling assigned as error, and this court is called upon to construe the clause of the will above set out.

It is contended on behalf of the appellants that by the will the widow only took a life-estate in the real estate, and that the fee vested in the heirs at the death of the testator, and that the right of disposition only applied to the per-

sonal property ; that, the latter clause in the devise being clear and explicit, it has the effect to limit the former words of disposition to the wife, and that the latter words, being the latest expression of the testator, control and limit the estate given to the wife to a life-estate ; while upon the part of the appellees it is contended that the widow took a fee in the real estate, or at least that she was given the right of disposition, and, having disposed of it during life, the title vested in her grantee ; counsel for appellee contending, further, that the words of disposition to the wife clearly give to her a fee in the real estate, and that the subsequent words of limitation, being in contravention of and repugnant to the grant to the wife, are void and of no effect.

In the construction of wills courts seek to ascertain and promulgate the intention of the testator.  In ascertaining such intention isolated statements and clauses of the testament will not be selected, and their meaning determined, without any relation to other clauses or parts of the will ; on the contrary, it is a well-settled rule of interpretation that courts will look to the whole instrument, and construe each part with relation to the language used in other parts of the instrument, which shed any light on the controverted portion of the will.

In the case of *Lutz* v. *Lutz*, 2 Blackf. 72, the court said : " This is not an instrument in which the intention of the maker must yield to any rigid principle of law.   The intention of the testator, in such cases as the present, must prevail."

In *Baker* v. *Riley*, 16 Ind. 479, it is said :  " The construction of a will depends not so much upon any rigid principle of law, as upon what appears, by the will, to have been the testator's intention.   *Lutz* v. *Lutz*, 2 Blackf. 72.   This intention is not to be collected from any particular clause, but from the whole will, taken together."

The same rule is stated in *Kilgore* v. *Kilgore*, 127 Ind. 276.

In Schouler on Wills, section 559, it is said : "As a rule, an absolute devise in terms must be construed in connection with other clauses of the will which serve to modify its effect. And a fee which is given in the first part of a will may prove to be so restrained by subsequent words as to reduce it to a life-estate."

In the case of *Patty* v. *Goolsby*, 51 Ark. 61, it was held that, a will giving to the testator's wife his property during her natural life, or until she might marry, with full power to sell and dispose of the same as she might think proper, and providing at her death the whole estate should be divided among his children, or, in case of her marriage, the same to be equally divided between the wife and children, the wife took the personal property absolutely and a life-estate in all the real estate, and that a sale by her of the land only conveyed her life-estate.

In the case of *Giles* v. *Little*, 104 U. S. 291, in construing a will which gave to the wife all of the real and personal estate of the testator; with full power, right and authority to dispose of the same as to her should seem meet and proper, so long as she remained his widow, upon the condition that, if she should marry again, then all of the estate bequeathed, or whatever should remain, should go to his surviving children, the court said: " If the purpose of the testator in the disposition of his property is what the other parts of his will clearly indicate, then these words can not be construed to change that purpose. They can have operation without giving them that effect. He was seized of real estate and possessed of personal property. Both were included in the devise to the wife, and she was to have the enjoyment of both during her widowhood. The use of many species of personal property necessarily consumes it. The words under consideration may, therefore, fairly be construed to refer to the personalty, and the entire clause to give to his children a remainder in the real estate, and whatever

of the personalty was not consumed by the widow during her widowhood." *Baxter* v. *Bowyer*, 19 Ohio St. 490.

It .is averred in the complaint that no part of the proceeds of the sale of the real estate was required or used in the payment of the debts of the testator, and we need not inquire as to the effect of the clause in the will which enjoins upon the widow the duty of paying debts, or as to whether or not the will gave to her any right of sale of the real estate for the payment of debts, nor are we required to consider the language used in a separate clause or remote part of the will, for all that relates to the disposition of the real estate in controversy is contained in one clause, and what is said in relation to the disposition of the real estate to the heirs of the testator must be read and considered in connection with that part making a devise of the same to the wife. By the application of the well-settled rule for the construction of wills, there certainly can be but little doubt as to the intention of the testator.

The language used in making the devise to the wife is not such as is ordinarily used in disposing of a fee simple title. In the same clause of the will we find language used in disposing of both real estate and personal property to the wife which, if it stood alone, might be sufficient to give to her a fee; and as a part of the same item, immediately following such devise and bequest, the fee in the real estate is given to the heirs of the testator, and the widow is given express authority to dispose of the personal property remaining at her death as she may desire. The item of the will, when read as a whole, as it must be, scarcely requires any construction, as it seems to us that it clearly expresses an intention to give to the widow a life-estate in the land, and the remainder to his heirs, and to give to the widow the absolute title to the personal property, with full power of disposition. The rule laid down by the Supreme Court of the United States in *Giles* v. *Little, supra,* would vest only a life-estate, as the words of disposition under that rule would

Eubank *et al. v.* Smiley *et al.*

only apply to the personal property, but the latter words in the clause, we think, of themselves, limit the power of disposition to the personal property ; that is to say, the words " and the personal property which she may leave to be disposed of as she may desire," in view of the disposition of the real estate to the heirs, limit the words " to do with and dispose of after my decease as she may think best," to the personal property, and gave to the widow power and authority to dispose of the personal property, and not the real estate.

We have examined the authorities cited by counsel for appellee, and do not think them inconsistent with the conclusion we have reached.

This is not a case where a fee simple has been disposed of to one person in one item of a will in clear and concise language, and afterwards taken away or modified by a subsequent clause in the will which is repugnant to such devise in fee.    The disposition of the property by this will was accomplished by one item of the will.    The fee was not given in the first instance in clear and concise language.    We have given force to all of the language used in the disposition of the property, and we do not think that there is any inconsistent or repugnant language used.    When the item is read and construed as a whole, it clearly expresses an intention to give to the widow a life-estate in the real estate, and an absolute title to the personal property, with remainder over in the real estate to the heirs of the testator.

The conclusion we have reached leads to a reversal of the judgment.

Judgment reversed at costs of appellees, with instruction to the circuit court to overrule the demurrer to the complaint.

MILLER, J., took no part in the decision of this case.

Filed Jan. 29, 1892; petition for a rehearing overruled May 10, 1892.