BULLERDICK *v.* WRIGHT.

[No. 17,872. Filed October 12, 1897.]

148 477
152 116

WILLS.—*Devise.*—*Power to Convey.*—A widow, by the terms of her husband's will, was invested with a life estate in certain lands, coupled with the power of fully disposing of the fee by devise or bequest if she so desired. After her husband's estate had been fully settled she executed her will making a number of bequests for specified amounts, referring to the property disposed of as "my property," and "my estate." and in the preamble of her will made the statement that she made her will "in pursuance of, and more fully to carry out the provisions of the will of my late husband."

*Held,* that the testatrix, by the recitals in the preamble of her will fully indicated her intent and purpose to carry into execution the power conferred upon her by the will of her husband.

From the Wayne Circuit Court. *Reversed.*

*C. E. Shively* and *T. J. Study,* for appellant.

*H. C. Fox* and *A. L. Study,* for appellee.

JORDAN, J.—This action was successfully prosecuted in the lower court by the appellee Benjamin F. Wright to set aside an executor's sale, and the deed of conveyance executed thereunder to appellant for the real estate described in the complaint, and to quiet appellee's title.

Appellant by this appeal seeks to have reviewed the action of the trial court in rendering judgment upon the facts in favor of appellee.

The facts most material to the consideration of the question involved are the following: Jonas L. Stidham died testate in Wayne county, Indiana, on October, 25, 1888, the owner in fee of the real estate in dispute, the same being a tract of eighty-nine acres situated in said county. Said Stidham died without children, but left surviving him Elizabeth Stidham as his widow. On August 20, 1885, he duly executed his last will and testament, of which the following, omitting the attesting clause, is a copy: "I, Jonas L. Stidham, of Wayne county, in the State of Indiana, being of sound mind and memory, do make and publish this my last will and testament, hereby revoking all other wills by me heretofore made. *First,* I direct that all my just debts and funeral expenses be paid; *second,* I give and bequeath to Susan J. Wright, daughter of David P. Grave, the sum of $2,000.00; *third,* all the residue of my estate, real and personal, I give and devise and bequeath to my wife, in case she survives me, to

have and to hold for and during her natural life; *fourth*, in case my wife does not survive me, I give, devise and bequeath to said Susan J. Wright, all my estate, real and personal; *fifth*, in case my said wife, Elizabeth Stidham, survives me, I nominate and appoint her to be the executrix of this will, and especially will and direct that she shall not be required to give any bond for the discharge of her duty as executrix; and that she shall have the control and management, custody and possession of the residue of my estate, devised to her by item three of this will, during her said life; *sixth*, I hereby empower my said wife, in case she survives me, to dispose of by deed, gift, devise, or bequest any part of or all of the estate devised to her by this will; it being my intention that she shall have absolute control and right of disposition thereof; and that such part thereof as shall not have been disposed of by her, shall go to said Susan J. Wright.

"In witness whereof, I have hereunto set my hand and seal this, the 20th day of August, 1885. (Signed). Jonas L. Stidham."

Mrs. Stidham elected to accept the provisions made for her in her husband's will.

Susan J. Wright, mentioned in the will of Jonas L., and to whom he devised the legacy of $2,000.00, together with that part of his estate not disposed of by his surviving wife, died in Wayne county, Indiana, on the 22d day of January, 1892, without children, mother or father surviving her, but left appellee as her surviving husband and only heir. Susan J. Wright was a niece of Elizabeth Stidham, the widow of Jonas L., and the appellee was her cousin.

On April 7, 1892, said Elizabeth Stidham executed her last will and testament, of which the following, omitting the attesting clause, is a copy: "In the name of our Heavenly Father, I, Elizabeth Stidham, of

Wayne county, Indiana, of sound and disposing mind, do hereby make this my last will and testament in pursuance of, and to more fully carry out the provisions of the last will of my late husband, Jonas L. Stidham, who died at Wayne county, Indiana. *Item first,* I direct first that all my just debts and funeral expenses be paid; *item second,* I will and give to Emma White, formerly Sheridan, Elmyra Kinley, formerly Sheridan, Albert Sheridan, and Susan Mitchell, each one, $125.00; *item third,* I will and give to Lizzie Edmonson $500.00, to Allen W. Grave $500.00, and to Jonas L. Frist and Eliza Jane Wolverton, each, $100.00; *item four,* should there be any balance left of my estate after such legacies are paid, I will, give and bequeath and devise all of said balance of my property to said Lizzie Edmonson and Allen W. Grave, share and share alike; *item five,* should my estate not be sufficient to pay all of such legacies, then I direct that said legacies shall not be paid in full, nor in the order named, but in proportion that each legacy bears to the other and to the whole estate, that is, my executor shall pay such legacies pro rata; *item six,* I name and nominate my friend, James G. Martin, of the City of Richmond, in said county, the executor of this my last will and testament; *item seven,* I hereby cancel and revoke all former wills or will by me made.

"In witness whereof, I, said testator, have hereunto set my hand on this 7th day of April, 1892. (Signed.) Elizabeth Stidham."

On May 18, 1893, she duly executed the following codicil to her will:

"Whereas, I, Elizabeth Stidham, on the 7th day of April, 1892, made my last will and testament, I do hereby declare the following to be a codicil to the same:

"Whereas Lizzie Edmonson, to whom I willed and

bequeathed part of my said property, has died since I made my last will, I now direct, will and bequeath all of my said property and estate shall go to Minnie G. Martin, wife of James G. Martin, that I willed and bequeathed to said Lizzie Edmonson, now deceased.

"In witness whereof, I have hereunto set my hand this 18th day of May, 1893. (Signed.) Elizabeth Stidham."

March 8, 1894, she duly executed the following codicil: "Whereas, I, Elizabeth Stidham, on the 7th day of April, 1892, made my last will and testament of that date, I do hereby declare this to be a second codicil to the same: *First*, I give, will and devise to Mary Jane Lyman, my departed husband's sister, $400.00; *second*, to Lewis A. Stidham, my husband's brother, I will, devise and give, $400.00; *third*, to Rachel Maddock, of the city of Richmond, Indiana, I will, devise and give, $150.00; *fourth*, to Allen Hawkins I will, devise and give, $150.00; *fifth*, to George Hawkins I give, will and devise, $100.00.

"In witness whereof I have hereunto set my hand this 8th day of March, 1894. (Signed.) Elizabeth Stidham."

Appellee administered upon the estate of Jonas L. Stidham under the will, in the Wayne Circuit Court, and after paying the legacy of two thousand dollars, bequeathed to his said wife, and all other claims against the estate, made a final settlement on December 23d, 1889, and the estate on said day was adjudged by the court to be finally settled, and he was discharged from his said trust.

Mrs. Elizabeth Stidham died on September 9, 1894. James G. Martin, the executor of Mrs. Stidham's will, duly qualified as such on September 14th, 1894, and on December 27th of the same year, he, on petition,

secured an order of the Wayne Circuit Court for the
sale of the lands in question, and under said order, he,
as such executor, sold at private sale, and conveyed
the real estate to the appellant, Henry C. Bullerdick,
for $5,300.00, all of which was approved by the court.
It is through this sale and conveyance that appellant
claims title to the real estate.    Appellee was not a
party to the proceedings instituted by the executor to
sell the land, but all the legatees named in the will and
its codicils were made parties thereto.

The cardinal question involved and presented for
our decision is: Was there a sufficient indication of the
intention on the part of Elizabeth Stidham to execute
the power of disposition, of the fee simple of the land
in question, as invested in her by the will of her hus-
band, Jonas L. Stidham?    If this question, under the
facts, can be answered in the affirmative, it is virtually
conceded by counsel for appellee that appellant is the
owner in fee of the premises, and therefore the judg-
ment below is wrong and must be reversed.    The prop-
osition in controversy has been very ably argued, *pro*
and *con*, by the learned counsel representing the re-
spective parties, and voluminous briefs, citing many
authorities, have been prepared and presented to the
court.

There is no controversy but what Mrs. Stidham,
under her husband's will, was invested with a life
estate in these lands, coupled with the power of fully
disposing of the fee, by devise or bequest, if she so de-
sired.    But at this point the lines of concession of the
parties diverge, and, while it is insisted by counsel
for appellant that the declarations or recitals of Mrs.
Stidham in the preamble to her will sufficiently refer
to the power, fully indicate that she intended to and
did exercise the same, and thereby authorized the sale
of the real estate for the payment of the legacies pro-

Bullerdick v. Wright.

vided in her will and its codicils, and also for the pay-
ment of other claims against her estate, counsel for
appellee, with equal earnestness, urge that no such
intention is shown. They claim that in consideration
of the fact that she did not use the word "power" in
the preamble, and in view of the further fact that she
employed the words "my estate" and "my property"
prove that she intended the legacies to be paid wholly
out of the property of which she was the absolute
owner, and that it cannot be said that she intended
that her will should apply to the premises in question,
in which she only had a life estate coupled with the
power of disposition.

The guiding rule prescribed by the authorities, from
Blackstone down to the present time, for the inter-
pretation of wills, is, that the intention of the testa-
tor as the same is disclosed by the entire will must
prevail, when such intention is not inconsistent with
the settled rules of law. Where a testator has been
vested with the power of disposition over property,
the authorities give three classes of cases as affording
sufficient proof of the intent of the testator to execute
such power. *First*, where he refers to, or recites the
power in his will; *second*, where the property or thing
or fund subject to be disposed of under the power is
described; *third*, where the will would be inoperative
without acting on the property over which the testa-
tor is given the power of appointment. While these
illustrations do not afford the only proof, they are,
however, considered as furnishing clear and unequivo-
cal proof of the intention of the testator to exercise
the power. The authorities uniformly affirm the doc-
trine that it is not essential to refer in express terms
to the power, if an intention to execute it othewise
plainly appears, and any words or expressions indica-
ting an intention to exercise the power will operate to

that effect.   The following are some of the many au-
thorities supporting the above propositions:  *Nowell*
v. *Roake,* 2 Bing. 497; *Maddison* v. *Andrew,* 1 Vesey,
Sr., 57; *Blagge* v. *Miles,* 1 Story 426; *Amory* v. *Mere-*
*dith,* 7 Allen 397; *White* v. *Hicks,* 33 N. Y. 383; *An-*
*drews* v. *Brumfield,* 32 Miss. 107; 4 Kent. Comm. 334;
1 Redfield on Wills, 271; 1 Sugden on Powers, section
2, p. 294; *Cooper* v. *Haines,* 70 Md. 282, 17 Atl. 79; *Lee* v.
*Simpson,* 134 U. S. 572; 18 Am. & Eng. Ency. of Law,
p. 938; *South* v. *South,* 91 Ind. 221.   In this last deci-
sion many of the leading cases upon the question are
collected and considered.

Guided by the light of these well settled principles,
we may proceed to examine the facts relative to the
question presented for our consideration.   At the be-
ginning of the will in controversy it is disclosed that
the testatrix makes it *"in pursuance of and more fully*
*to carry out the provisions of the last will of my late hus-*
*band* Jonas L. Stidham, who died at Wayne county,
Indiana."   She by this declaration expressly professes
to execute her will in pursuance of that of her hus-
band (which, as we have seen, vested her with the
power in question), and to more fully carry out its
provisions.   Considering these recitals, can it in rea-
son be said that she had no reference to the power of
appointment given her by the will of Jonas L. Stid-
ham, and indicated no intention of having her will ap-
plied to and operate upon the real estate in contro-
versy?   We are of the opinion that this question must
necessarily be answered in the negative.   We are con-
firmed in this conclusion by the fact shown by the evi-
dence that the estate of her husband under his will
had been finally settled, and all claims and legacies
paid, more than two years before the execution of
Mrs. Stidham's will.   The inquiry naturally arises,
what provisions of her husband's will remained to be

"more fully" carried out by her, or any other person? None whatever, except the provisions therein which gave her the right to dispose of by deed or devise any or all the property given to her under item three. Again, Susan J. Wright, who, under the provisions of Jonas Stidham's will, was to have all of the estate devised to his wife, undisposed of at the death of the latter, had died prior to the execution of the will, and therefore could not be benefited by the act of her aunt, Mrs. Stidham, in omitting to dispose of this property. This fact may be considered as tending to show why the latter desired to make a disposition thereof, and give, as she did, the benefit of the property, in part, to those of her husband's blood. To assert, under the circumstances, that the statement made by Mrs. Stidham in her will, in effect, that she executed it in pursuance of that of her late husband, and more fully to carry out its provisions, can have no reference to the power conferred upon her by his will, and that she did not intend to exercise the same and thereby subject the land to the operation of her will, would involve her in the absurdity of referring to his will for an idle and meaningless purpose, and such absurdity, in view of the facts, we cannot impute to her. If, as urged by counsel for appellee, the testatrix only intended to dispose of the property owned by her absolutely at the date of her death, why did she deem it essential to refer to the will of Jonas Stidham, and express a desire to carry out its provisions? We must presume that she knew that her power to dispose of her own property did not rest upon the provisions of his will, but was vested in her by virtue of law. In the case of *Lee* v. *Simpson, supra,* the testatrix was given by her mother's will a life interest in a part of a mortgage bond, coupled also with a power to dispose of the same by her last will and testament. The daughter,

who was married at the time she executed her will, recited therein that she was entitled to legacies under her mother's will, and declared that, "notwithstanding my coverture, I have full testamentary power to dispose of the same," and then bequeathed to her husband her entire property. The material question involved in that appeal was whether the testatrix, Mrs. Clemson, had by her will, exercised the power given her to devise the mortgage debt. The contention there was that the recital in the will of Mrs. Clemson, that notwithstanding her coverture she had full testamentary power to dispose of the legacies of which mention had been made, had reference only to the fact that shortly before the execution of the will married women in South Carolina had been authorized to dispose of their property by will. The court, however, said that the recital was a direct and express reference by the testatrix to the power conferred upon her by her mother's will, because at the time of the execution of her will, under the laws of that state, Mrs. Clemson could have disposed of any property which she had, other than that which came to her under her mother's will, without invoking the aid of any special power to do so. Much stress is laid by counsel for appellee on the fact that Mrs. Stidham, as heretofore stated, did not expressly employ in her declarations the word "power," and that she used in her will the words "my estate" and "my property." This, they contend, is indicative that she intended to limit the operation of her will to her own individual estate. There is no force in this insistence. As we have heretofore said, any words or expressions indicating an intention to exercise the power will suffice, and it is not indispensable that the word power be used. She had the use and control of this real estate, and the income therefrom during her life, and the right to dispose of

the fee if she chose to do so; under such circumstances a person would naturally speak of it as his or her property. When she referred in the will to her property or estate, she must be understood, in view of these facts, to have meant any property subject to her disposal. We think that Mrs. Stidham's intention to execute the power in question is so clearly disclosed or manifested that no other can be imputed to her, and this brings the case well within the doctrine asserted by the authorities. We have examined the many authorities cited in behalf of the appellee, but when applied to the particular facts in this case, they do not support his claim, nor the theory advanced by him.

Applying the well settled principles of the law to the facts, and the conclusion is irresistible that the testatrix fully indicated by the declarations in the will her intent and purpose to carry into execution the power conferred upon her; and therefore the land in dispute was subject to the operation of the will.

We must adjudge that the appellant, through the sale and conveyance in question, acquired a valid title, in fee simple, to the real estate. The judgment of the lower court is in all things reversed, and the cause remanded, with instructions to that court to grant the appellant a new trial, and for further proceedings in accordance with this opinion.