In re the ESTATE OF Lucile Rogers CARTER, Deceased,

Roger Michael Carter, Appellant–Petitioner,

v.

Bank One Trust Company, N.A., Personal Representatives of the Estate of Lucile Rogers Carter, Deceased, And Trustee, of the James Cedric Carter Testamentary Trust, Marsha Baker, Anne Fenton Carter Carbonneau, Junior Harvey Brownfield, and Virgie Helen Brownfield, James Gregory Carter, Karen Lee Carter Ferenchak, Margaret Ann Carter Weber, Scott William Carter, Robert R. Carter, Appellees–Respondents.

No. 12A02–0104–CV–210.

Court of Appeals of Indiana.

Jan. 16, 2002.

James E. Ayres, Crawfordsville, IN, Attorney for Appellant.

John K. McBride, Cheryl M. Knodle, Lafayette, IN, Attorneys for Appellees.

## OPINION

GARRARD, Senior Judge.

This appeal is from a determination by the Clinton Circuit Court that in her last will and testament Lucile Rogers Clark validly exercised a power of appointment given to her under the will of her deceased husband, James Cedric Carter. It is contended that the Clinton Circuit Court lacked jurisdiction to make the determination and that, in any event, the will of Lucile failed to exercise the power.

James Cedric Carter died testate in 1981, a resident of Montgomery County. His will was probated and his estate was administered there, and in due course the estate was closed. James' will established a testamentary trust to provide for his wife, Lucile, during her lifetime and which contained the following provision:

4. Upon the death of my wife after my death, the trustee shall distribute the trust property, as then constituted, to or in trust among the class of persons consisting of Robert R. Carter, Anne Fenton Carter, Junior Brownfield, Virgie Brownfield, and the then living descendants of any of such persons, upon such conditions and estates, with such powers, in such manner, and at such times as my wife appoints and directs by will specifically referring to and exercising this limited power of appointment. Nothing in this provision shall be construed as empowering my wife to appoint any of the trust property to herself, her estate, her creditors, or the creditors of her estate.

The trust then provided for a disposition of the trust property upon the death of James' wife "to the extent that she does not effectively exercise the foregoing limited power of appointment" (or upon James' death if his wife did not survive him).

Lucile died on August 9, 2000, a resident of Clinton County, and her will, executed May 6, 1998, was admitted to probate by the Clinton Circuit Court. Item III of her will leaves 16.19 acres of real estate, which is specifically described by metes and bounds, to Junior Brownfield and Virgie Brownfield, husband and wife. It is undisputed that the 16.9 acres is a portion of 80 acres left by James in trust and over which Lucile had a limited power of appointment, and it is undisputed that Junior Brownfield and Virgie Brownfield belong to the class of persons to whom Lucile could appoint by her will. It was also shown that on the same date Lucile executed her will, she executed a warranty deed in which she purported to convey the same 16.9 acres to Junior Brownfield and Virgie Brownfield, husband and wife. This deed was recorded in Tippecanoe County where the real estate was located.

Since Item III of Lucile's will did not expressly state that she was thereby intending to exercise the power of appointment granted her under James' will, the personal representative of her estate peti-

tioned the court to construe her will and instruct it on how to proceed.

After a hearing the court found that Junior Brownfield and Virgie Brownfield were husband and wife. Within days of executing her will Lucile had adopted them as adults. They had lived on the 16.19 acres for more than thirty years, most of the time without direct payment of rent which was pursuant to the wishes of the Carters, and over the years they had made several improvements to the realty some of which they furnished and some of which the Carters furnished. The court then determined that in spite of Lucile's failure to specifically characterize the devise to the Brownfields as an "exercise of her limited power of appointment" her intention to do exactly that was clear and should be given effect. It then ordered the described tract conveyed to the Brownfields by Bank One Trust Company, N.A., the personal representative of Lucile's estate and the testamentary trustee of James' testamentary trust.

The appellant, Roger Carter, (hereinafter "Roger") earnestly contends that the Clinton Circuit Court lacked subject matter jurisdiction of the particular case. (The parties agree that the court possessed general subject matter jurisdiction to decide probate matters.) He asserts this to be true because the real estate in question was still part of the corpus of the testamentary trust and because, as he views it, the will requiring construction was that of James Carter, which had been probated in Montgomery County.

Ind.Code § 29–1–6–5 provides:

The court in which a will is probated shall have jurisdiction to construe it. Such construction may be made on a petition of the personal representative or of any other person interested in the will; or, if a construction of the will is necessary to the determination of an issue properly before the court, the court may construe the will in connection with the determination of such issue. . . .

Furthermore, concerning the construction of wills I.C. § 29–1–6–1(f) states:

A will shall not operate as the exercise of a power of appointment which the testator may have with respect to any real or personal estate, unless by its terms the will specifically indicates that the testator intended to exercise the power.

We think the jurisdictional issue should be cast from a different angle. Lucile's will was probated in Clinton County, the county of her residence at the time of her death. Pursuant to I.C. § 29–1–6–5 there can be no doubt that the Clinton Circuit Court had jurisdiction to construe her will. Was it, therefore, necessary to do so?

■ In probate law it is axiomatic that the primary rule of construction is that the intention of the testator should govern (providing this can be done without contravening public policy or some inflexible rule of law.) *Skinner v. Spann*, 175 Ind. 672, 93 N.E. 1061, 1066, rehearing den. 175 Ind. 672, 95 N.E. 243 (1911); *Baker v. Riley*, 16 Ind. 479 (1861).

In the present case it is clear that James intended that Lucile have a limited power of appointment to dispose of certain assets by her will. The question thus arises as to whether she exercised that power.

I.C. § 29–1–6–1(f) directs that a will will not operate as exercising a power of appointment "unless by its terms the will specifically indicates that the testator intended to exercise the power." Roger's brief characterizes the statutory requirement as "identical" to the one contained in James' will, and his argument attempts no distinction between the two. We, there-

fore, make no attempt to consider the two separately.

Roger contends that in order to have exercised the power Lucile's will must have explicitly stated that it was her intent to do so. He relies heavily upon the comment of the Probate Study Commission which stated,

> This subsection provides that the mere making of a will devising property over which the testator has a power of appointment will not constitute an exercise of such power of appointment unless the testator specifically indicates by the use of appropriate words his intention to exercise such power. It is believed that this rule of construction will avoid litigation.

We believe this comment adding the phrase "by the use of appropriate words" to the statutory requirement that the will specifically *indicate* that the testator intended to exercise the power, is simply an exposition of the statutory requirement rather than an attempt to further restrict the statute's meaning.

■ There can be little doubt that the general purpose of the statute is to resolve questions concerning the possible unintentional or accidental exercise of powers of appointment. The prime example is, no doubt, a general bequest of "all the rest, residue and remainder of my estate...."[1] Yet Indiana legal history has long displayed an aversion to any notion that some shibboleth should be required for the exercise of powers of appointment. Thus, our supreme court in the early case of *Bullerdick v. Wright*, 148 Ind. 477, 47 N.E. 931, 932–33 (1897) stated that the authorities recognize three classes of cases as affording sufficient proof of intent to execute the

power: (1) where the testator refers to, or recites, the power in his will; (2) where the property subject to be disposed of under the power is described; and, (3) where the will would be inoperative without acting on the property over which the power was given. Acknowledging that these "illustrations" do not afford the only proof, the court said they are considered as furnishing clear and unequivocal proof of intent to exercise the power. The court concluded, "The authorities uniformly affirm the doctrine that it is not essential to refer in express terms to the power, if an intention to execute it otherwise plainly appears; and any words or expressions indicating an intention to exercise the power will operate to that effect."

This view was followed in *Crawfordsville Trust Co. v. Elston Bank & Trust Co.*, 216 Ind. 596, 25 N.E.2d 626, 636 (1940) where the court added, "The intent need not be shown in any particular way, but is to be determined by a construction of the whole instrument, with reference to the circumstances under which it was executed."

■ These cases, which antedate the probate code, provide the background upon which the code was enacted and illumine its purposes. When it enacted I.C. 29–1–6–1(f) the legislature might have expressly rejected the existing law. Instead, it chose only to require that a will would not operate to exercise a power of appointment "unless by its terms the will specifically *indicates* that the testator intended to exercise the power." (emphasis added). This led the author of Henry's Probate Law and Practice to conclude that under the statute "the court may infer an intent to exercise the power by will as was done in *Bullerdick v. Wright*." 2B JOHN S.

---

1. A number of jurisdictions apparently still follow the view that a general residuary clause is rebuttably presumed to exercise a power. See, e.g., 2B Henry's Probate Law & Practice, § 41, 2000 Cum.Supp., p. 68.

GRIMES, HENRY'S PROBATE LAW AND PRACTICE, § 41, 331 (7th Ed.1979). We agree. A question exists concerning whether Lucile's will indicated that she intended to exercise her power of appointment.

■ It follows that it was necessary for the Clinton Circuit Court to construe Lucile's will to determine whether she had exercised the power of appointment. *Cf. White v. United States,* 680 F.2d 1156 (7th Circuit 1982). Furthermore because it was necessary to construe Lucile's will, the court could also construe James' will, if necessary, to resolve the issue in Lucile's estate. *Overpeck v. Dowd,* 173 Ind.App. 610, 364 N.E.2d 1043, 1051 (1977). The Clinton Circuit Court had jurisdiction of the particular case.

■ As already set forth, the court found that because Lucile's will specifically described property that was subject to the power and gave it to beneficiaries within the class permitted by the power and because of the other facts and circumstances surrounding her execution of the will it was clearly her intent to exercise her power of appointment. Roger's argument in opposition simply contends that in order to exercise the power, Lucile's will had to expressly state that she was thereby exercising her limited power of appointment. Since we have already held herein that express reference to the power is not the only manner of indicating that a testator intended to exercise it, this argument must fail. Moreover, we determine that the court's findings are sufficient to sustain its conclusion that the will did exercise the power of appointment granted under James' will.

Affirmed.

VAIDIK, J., concur.

SULLIVAN, J., concurring with separate opinion.

SULLIVAN, Judge, concurring with separate opinion.

I concur but write separately to add my observation concerning the warranty deed executed by Lucile to the Brownfields on the same day she executed her will. This observation is made only because it may appear at first blush that execution of the warranty deed has a material impact upon whether Lucile adequately expressed an intention in her will to exercise the power of appointment.

In my estimation it is important to emphasize the fact that the 16.9 acres involved was owned by James at his death and became part of the trust estate. Absent exercise of the power of appointment, Lucile had no authority or standing to convey the property, whether by deed or otherwise.

One may surmise, and it is quite possible, that Lucile's actions were intended to cover every possible eventuality or legal construction in order to make sure that the Brownfields received title to the land. Be that as it may, because the acreage was part of the trust estate, the deed was wholly ineffective with respect to the real estate. Thus, as held by the majority opinion herein, Lucile clearly and adequately expressed her intent to exercise the power of appointment granted under James's will.